Brian Gardner
**SULLIVAN GARDNER PC**
475 Park Avenue South
New York, New York 10016
(212) 687-5900   FAX (212) 687-4060

Attorneys for Plaintiff
BAYTREE CAPITAL ASSOCIATES, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| BAYTREE CAPITAL ASSOCIATES, LLC, derivatively on behalf of, BROADCASTER, INC.<br><br>Plaintiff,<br><br>- against -<br><br>NOLAN QUAN, MARTIN R. WADE III, BLAIR MILLS, RICHARD BERMAN, ANDREW GARRONI, JASON BRAZELL, ROBERT GOULD, SANGER ROBINSON, ALCHEMY COMMUNICATIONS, INC., FROSTHAM MARKETING, INC., PACIFICON INTERNATIONAL, INC., LONGVIEW MEDIA, INC., ACCESS MEDIA NETWORKS, INC., ALCHEMY F/X, INC., INNOVATIVE NETWORKS, INC., BINARY SOURCE, INC., BROADCASTER, LLC, TRANSGLOBAL MEDIA, LLC, SOFTWARE PEOPLE, LLC, and ACCESS MEDIA TECHNOLOGIES, LLC,<br><br>Defendants.<br><br>- and- | CASE NO. 2:08-cv-2822 CAS(AJWx)<br><br>Assigned to the Honorable Christina A. Snyder<br><br>Related Cases:<br><br>CV06-4923 CAS(AJWx)<br>2:08-cv-02848 CAS (AJWx)<br><br>**Declaration of Brian Gardner, Esq.**<br><br>**Date Filed: June 27, 2008**<br>**Time: 10:00 a.m**<br>**Date: July 21, 2008**<br>**Trial Date: Not Set**<br>**Judge:       Hon. Christina A. Snyder** |

-1-

BROADCASTER, INC.                           )
                                            )
                                            )
                    Nominal Defendant.)
                                            )
                                            )

I, Brian Gardner, declare as follows:

1.      I am an attorney representing Plaintiff Baytree Capital Associates, LLC, ("Baytree") in the above captioned matter.  As such, I have personal knowledge of the facts contained in this declaration.  This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on June 3, 2008. Further, the issues raised herein have been previously discussed with the parties in numerous conversations between counsel, as well as by way of a request for a pre-motion conference to the Court by letter dated April 4, 2008 to the Honorable Louis L. Stanton prior to the transfer of this matter to the Central District of California.

2.      In connection with Plaintiff's application for an Order disqualifying the law firm of Loeb & Loeb LLP ("Loeb") as counsel for defendant Broadcaster, Inc. ("Broadcaster") in this matter, I respectfully submit the below listed exhibits. The following exhibits are true copies of documents either obtained from the government, filings obtained or created by me, obtained from independent sources or received during the course of this matter:

Exhibit A    Criminal record search results for Defendant Nolan Quan;

| | | |
|---|---|---|
| 1 | Exhibit B | Complaint in *U.S. v. Bigmailbox.com, Inc., and Nolan Quan*, |
| 2 | | Index No.: Civil Action 01-606-A (Eastern District of Virginia); |
| 4 | Exhibit C | Complaint in *FTC v. Digital Enterprises, Inc., d/b/a Movieland* |
| 5 | | *et al*, Case No. 06-4923 (Central District of California); |
| 7 | Exhibit D | Professor Benjamin Edelman's article regarding Broadcaster; |
| 9 | Exhibit E | Broadcaster employee telephone schedule; |
| 11 | Exhibit F | Signature pages for settlement agreement in FTC AccessMedia |
| 12 | | prosecution; |
| 14 | Exhibit G | Service Agent page of website of California Secretary of State; |
| 16 | Exhibit H | Cited pages from Broadcaster Annual Report, fiscal year ending |
| 17 | | June 30, 2007; |
| 19 | Exhibit I | Resignation letter of Dr. Orza; |
| 21 | Exhibit J | Schedule 13D Amendment to the Statement of Beneficial |
| 22 | | Ownership; |
| 24 | Exhibit K | Broadcaster Form 8-K filing; |
| 26 | Exhibit L | Declaration of Michael Gardner[1]; |

---

[1] The exhibits referenced in the Declaration of Michael Gardner are annexed hereto as the same exhibit reference as noted in that Declaration at Exhibits "A" through "K". Therefore, when the Declaration of Michael Gardner refers the reader to "Exhibit "A" of the Sullivan Declaration", such exhibit is annexed to hereto as Exhibit "A".

Declaration of Brian Gardner, Esq.

| | | |
|---|---|---|
| Exhibit M | Civil Cover Sheet filed by Loeb & Loeb in the <u>Gardner v. Wade</u> action; | |
| Exhibit N | Stipulation extending all defendants time to answer in the instant action; | |
| Exhibit O | Stipulation extending Defendant Wade's time to answer in the <u>Gardner v. Wade</u> action; | |
| Exhibit P | March 20, 2008 temporary restraining order signed by Judge Louis L. Stanton; | |
| Exhibit Q | March 28, 2008 temporary restraining order signed by Judge Louis L. Stanton; | |
| Exhibit R | Letter from Sullivan Gardner PC to Judge Stanton dated April 3, 2008; | |
| Exhibit S | Letter from Loeb & Loeb to Judge Stanton dated April 7, 2008; | |
| Exhibit T | Letter from Sullivan Gardner PC to Judge Stanton dated April 9, 2008; | |
| Exhibit U | Letter from Loeb & Loeb to Judge Stanton dated April 14, 2008; | |
| Exhibit V | Notice of Removal filed by Loeb & Loeb on behalf of Defendant Wade in <u>Gardner v. Wade</u> action; | |

-4-

Exhibit W    Notice of Appearance, dated April 10, 2008, filed by Michael
             Armstrong, Esq. of Howrey LLP;

Exhibit X    Letter from Howrey LLP to Loeb & Loeb dated June 24, 2008 in
             the Gardner v. Wade action.

3.      The instant matter was initiated by the filing of a complaint on
February 17, 2008.  Shortly thereafter, by way of Order to Show Cause filed with
the Federal District Court for the Southern District of New York, prior to the
transfer of this action to the Central District of California, Plaintiff sought and was
granted a temporary restraining order by the Honorable Louis L. Stanton, dated
March 20, 2008, enjoining the Defendants from spending, transferring, selling or
conveying in any manner the funds, assets and/or shares of Broadcaster, Inc. or
otherwise encumbering or binding the funds, assets and/or shares of Broadcaster,
Inc. except to the extent necessary to pay taxes, rent, utilities, current base salaries
of presently existing employees, and attorney's fees as well as enjoining each
individual and corporate defendant from transferring outside of the state in which it
is currently located, funds, property, or other assets in which each defendant has an
interest in as will satisfy any potential judgment.  A copy of the March 20, 2008
temporary restraining order is annexed hereto as Exhibit "P".

4.      The temporary restraining order was thereafter superseded by Judge
Stanton's temporary restraining order dated March 28, 2008.  A copy of the March

28, 2008 temporary restraining order is annexed hereto as Exhibit "Q".  That order directed that Broadcaster, its representatives, agents, employees and all persons over which they have control or acting on their behalf are temporarily restrained and enjoined from pledging, encumbering, spending, transferring, selling or conveying in any manner the fluids, assets, and/or treasury stock of Broadcaster, Inc. except in the ordinary course of Broadcaster's business, and that all such ordinary course payments in excess of $1000 shall be reviewed by outside counsel to Broadcaster. This temporary restraining order remains in full force and effect presently.

5.      In conjunction with granting Plaintiff's request for a temporary restraining order, Judge Stanton ordered that expedited discovery take place prior to a hearing on the preliminary injunction in order to assist in the determination of that application.  As part of this expedited discovery process depositions of Michael Gardner, the Principal of Plaintiff, Wade, and Nolan Quan, the Chairman/C.E.O. and President of Broadcaster, Inc. respectively, were conducted by the parties.

6.      Prior to the completion of depositions, Defendants, by motion dated March 28, 2008, filed an application seeking the transfer of the instant matter to the Federal District Court for the Central District of California.  Following the submission of opposition papers by Plaintiff, and reply by Defendants, that application was granted by Order of Judge Stanton dated April 18, 2008.

7.      However, prior to the transfer of the instant matter, by way of letter dated April 2, 2008, Plaintiff requested a pre-trial conference the subject of which

-6-

was to raise the very issues set forth in this application.  Specifically, Plaintiff in that letter raised its concerns, and intent to seek the disqualification of Loeb as attorneys for the nominal defendant Broadcaster, based upon various conflicts of interest which existed from Loeb's prior, and then current, representation of adverse parties to the litigation.  Loeb responded to these concerns by way of letter dated April 7, 2008, to which Plaintiff responded by way of letter dated April 9, 2008.  Loeb then filed a short letter in response on April 11, 2008.  Copies of the four correspondence are annexed hereto as Exhibits "R" through "U" respectively.  However, before a pre-motion conference could be held, Defendants' motion to change venue was granted.

<u>Loeb's Conduct in the Instant Action</u>

---     Loeb's representation of Wade in the related action

8.     In the instant matter, Loeb currently represents the nominal party, Broadcaster.  However, simultaneously, Loeb represented the principle defendant Wade in what Loeb itself states is a highly related action.  Annexed hereto as Exhibit "M" is a copy of the civil cover sheet submitted by Loeb as part of that firm's notice of removal in the action of <u>Gardner v. Wade</u>, 08-cv-2850.  That civil cover sheet provides as an appendix an "Explanation Statement as to Relation of Cases" which states that the matter of "<u>Baytree Capital Associates, LLC v. Quan et al</u> is a shareholder derivative action on behalf of Defendant Broadcaster arising out

of the same operative facts and effectively involving the same parties, subject matter and disputes as [Gardner v. Wade]."

9.     Further, that same civil cover sheet indicates that the attorneys of record for Wade in that action are Michael P. Zweig, Esq. and Eugene R. Licker, Esq. of Loeb.  See Exhibit "M".  In the <u>Gardner v. Wade</u> action, Loeb was the only counsel of record, by way of Zweig and Licker, until Armstrong of Howrey LLP joined them as counsel on April 10, 2008.  Annexed hereto as Exhibit "N" is a copy of the so-ordered stipulation signed by the parties extending the Company's time to answer the Complaint in the instant matter. The attorneys of record listed on that stipulation are again Messrs. Zweig and Licker.  Therefore, not only was the law firm of Loeb representing adverse parties, but Zweig and Licker of Loeb are the individual attorneys of record in both actions.

---     Loeb's representation of numerous defendants in FTC Action

10.     As the Court can see, the subject matter of the FTC Complaint, and the actions alleged in that complaint on the part of the parties represented by Loeb, seven (7) of which are named as defendants in this action, laid the foundation for the Defendants' looting of the assets of the Company.  The complained of imbedding of the Malware in the FTC Action was the first act in the scheme the Defendants put into action to steal what assets remained in the Company.  Certainly, as part of their representation of the seven (7) clients noted above Loeb would have been a party to

privileged conversations and confidences concerning each of the FTC defendant's

involvement, as well as investigations into, the actions alleged in the FTC

Complaint and now, as counsel for Broadcaster, will be forced to cross-examine

those former clients with regard to these same issues in the instant matter.

<u>Loeb is leading the defense of this matter</u>

   ---  Lead in Court

  11.  Though, as will be discussed more fully in Plaintiff's accompanying

Memorandum of Points and Authority, which is incorporated by reference herein,

the role of counsel for the nominal party corporation is a limited one, which should

amount to little more than the filing of an answer, Loeb has seen fit at this early

stage to file a motion for change of venue on behalf of all defendants, seek

adjournment of time to answer the complaint on behalf of all defendants, reserve the

right to move to dismiss the complaint on behalf of all defendants, and argued

before this Court concerning the release of assets of all defendants, all at a costs to

the Company and seemingly no cost to the individual defendants Loeb has

previously represented.  Upon information an belief, rather than seek insurance

coverage and counsel, Quan and Wade have insisted upon Loeb, and Mallow

particularly, due to his representation in the FTC Action.

**Declaration of Brian Gardner, Esq.**

---  Flew Mallow in for Deposition of Gardner and only one to ask questions

12.  As discussed herein, when scheduling the depositions ordered by Judge Stanton, as part of the expedited discovery process, the scheduling of those depositions, at least from defendants' point of view, revolved around the schedule of Michael Mallow of Loeb.  Mallow, who was lead counsel for the various defendants represented by Loeb in the FTC Action, was clearly leading, and continues to lead, the defense of this matter for the Defendants.  Additionally, not only was attendance at the various depositions mandated by Defendants, but when the deposition of Gardner was conducted, Mallow was the only attorney for the parties which asked questions.  Licker, Zweig, and Armstrong did not ask a single question of Gardner at any point during the three hour deposition.[2]

---  Removal and applications all made by Loeb

13.  In the various related matters there have been numerous motions and applications filed by the defendants including the motion to change venue in the instant action, the motion to dismiss or change venue in the Gardner v. Wade and Goodman v. Wade actions, requests for extensions of time to answer in all actions, requests for pre-motion conferences in all actions, along with other applications. Upon information and belief, all of these applications have been made by Loeb.

---

[2] They were so insistent on Mollow conducting the deposition that he was the only questioner even after objections were raised due to his lack of admission to practice in the S.D.N.Y. where the action was pending at the time.

**Declaration of Brian Gardner, Esq.**

None of the other counsel has filed their own, independent, applications seeking any relief in any of the four related actions.  The only time the other counsel for defendants' names appear on any document is as the joint filer along with Loeb.  In fact, the recent motion to dismiss or change venue in the <u>Gardner v. Wade</u> action, in which Armstrong is allegedly now the lead counsel for the sole defendant, Wade, the only declaration filed in support of Wade's application, which purports to offer facts upon which the motion to dismiss or change venue is based, is submitted by Zweig.  There is no party declaration, nor is there a declaration of Wade's now supposed counsel,  Armstrong.  The only document on which Armstrong's name appears is the "Joint Memorandum of Law" submitted in support of that application. Clearly, Loeb is running all of the various litigations referenced herein with Armstrong, and now the law firm of Venable, LLP, acting in name to avoid the additional glaring conflicts which exist by virtue of Loeb's conduct.

<u>Loeb's False Statements In the Instant Matter Concerning Conflict</u>

---     Prior Representation of numerous defendants in prior related action.

14.     As noted above, Loeb has previously directly represented numerous named defendants in this action.  Additionally, during the course of the representation of the corporate clients, Loeb had direct and frequent contacts with several of the individual named defendants herein as officers and directors of the named corporate defendants.  The conversations with these individual named defendants would have clearly involved the conduct of those individuals and the

-11-

corporations with reference to matters directly at issue in this case.  Namely, whether the individuals and companies had engaged in illicit conduct as part of a scheme to fraudulently inflate their company's public appeal.

15.    The issues discussed above, and Loeb's potential conflicts in these areas, have been raised with counsel on numerous occasions, both before the Court in the S.D.N.Y. prior to transfer and in private conversation between counsel.  Those conversations where formally submitted to the Court by way of Plaintiff's request to Judge Stanton for a pre-motion conference (pursuant to Judge Stanton's individual rules).  By letter dated April 3, 2008, Plaintiff requested such a conference and detailed the conflict and reasons which, we submit, mandate disqualification of Loeb as counsel for the Company.  A copy of that April 3, 2008 letter is annexed hereto as Exhibit "R".  In that letter, Plaintiff laid out for the Court Loeb's conflict arising out of it prior, and current, representation of other named defendants and its conduct showing a clear interest and protection of the non-nominal defendants.

16.    In response, by letter dated April 7, 2008, Loeb stated: i) that it represented only Broadcaster, and no other party in any actions, including the Gardner v. Wade action (then also pending before Judge Stanton in which Loeb certified it was a related action involving the same facts and circumstances); ii) Loeb claimed that no conflict arose from its representation of the FTC Action because that action was handled by its Los Angeles office, thereby implying that the Los Angeles office would have no part in this litigation.  Finally, Loeb stated that it

-12-

had never represented Gardner personally in the past.  All three statements made to the Court were outright falsehoods. A copy of that April 7, 2008 letter is annexed heretp as Exhibit "S".

17.     First, with reference to Loeb's statement that "Loeb represents only Defendant Broadcaster in this action and the three related actions", this statement is such a blatant misstatement of fact that Licker, the author of the April 7, 2008 letter, should have serious concerns regarding the implications of making knowingly false statements to the Court.  At the time of the filing of the April 7, 2008 letter with the CourtLicker, as well as Zweig (also of Loeb), were the sole attorneys of record for Wade, in the <u>Gardner v. Wade</u> action.  In that action, they were the only attorneys for the only defendant, Wade, in an action that these same attorneys certified with the Court as arising out of the same issues and facts that were involved in the instant action.  As if this were not egregious enough, Licker and Zweig, as attorneys for Wade in the <u>Gardner v. Wade</u> action, co-signed the Notice of Removal, dated March 18, 2008, and caused such document to be filed with the Clerk of the Court for the Southern District of New York. A copy of Notice of Removal is annexed hereto as Exhibit "V".  Moreover, Licker and Zweig co-signed a stipulation as Wade's counsel extending Wade's time to answer the complaint in the same action.  This stipulation, which was so-ordered by the Court on March 25, 2008, evidences that within two weeks of drafting the April 7, 2008 correspondence, Licker was not only the sole and lead counsel for Wade as indicated by the Pacer System at the time of

the April 7, 2008 correspondence, but that he was actively engaged in the representation of Wade in that action.  A copy of that stipulation is annexed hereto as Exhibit "O".  Therefore, it is somewhat beyond incredulous for Licker to state falsely to the Court that on April 7, 2008 "Loeb represents only Defendant Broadcaster in this action and the three related actions."

18.     Incredibly, Licker exasperated the situation and his false statements when, following receipt of Plaintiff's April 9, 2008 correspondence in response to Licker's April 7, 2008 misstatements to the Court, Michael Armstrong, Esq. filed a notice of appearance on behalf of Wade in the <u>Gardner v. Wade</u> action, some five weeks after the action was pending.  That Notice of Appearance, dated April 10, 2008, a copy of which is annexed hereto as Exhibit "W", added Armstrong as co-counsel to Zweig and Licker for Wade in the defamation action.  However, it should also be noted that to date Zweig, Licker and Armstrong all remain as co-counsel of record for Wade in the <u>Gardner v. Wade</u> action, there has been no substituting of counsel or removal of counsel.  In fact, as recently as June 24, 2008, Armstrong's firm, Howrey LLP, when corresponding with the Court of the adjournment of a Rule 16(b) conference before Judge Stanton in the <u>Gardner v. Wade</u> action, continued to cc: Zweig and Licker, despite the fact that they will claim to no longer represent Wade as well as considering that the correspondence neither refers to nor impacts any other case other than the <u>Gardner v. Wade</u> action.

-14-

19.    Next, In addition to this misstatement of fact as to concurrent representation, Loeb, by Licker, stated in response to Plaintiff's objection to Loeb's participation based upon Loeb's prior representation of numerous named defendants to this action in the FTC Action, that its Los Angeles counsel handled the representation of these defendants in the FTC Action.  The clear argument, correct or not, was that the New York Office was not tainted by the prior representation by the Los Angeles Office.  However, any idea that Loeb's Los Angeles office would not be involved in the instant matter was quickly found to be false.  At the time of the drafting of the previously described correspondence to the Court, Loeb had already indicated to Plaintiff that the depositions which had been ordered in this matter as part of the expedited discovery process set forth by Judge Stanton would have to be scheduled in order to permit the attendance of Michael Mallow, the attorney in Loeb's Los Angeles office (not admitted to practice in New York) who led the FTC Action defense.  In fact, when the deposition of Plaintiff, by way of Gardner, was conducted in this matter, it was Mallow, and exclusively Mallow, who questioned Gardner.  Armstrong, who at the time of the depositions was counsel for the three first named individual defendants in this action, nor Zweig, Loeb's New York counsel to Broadcaster, asked any questions of Gardner.  Mallow, the attorney for Loeb who handled the representation of the various defendants in the FTC Action, had clearly taken the role as lead counsel and even more so now that the action has been transferred to California.  The argument that no conflict exists

Declaration of Brian Gardner, Esq.

because the California Office, by way of Mallow, which handled the FTC Action, would not be involved in the instant litigation is clearly an outrageous misstatement to the Court.

20.    Finally, Loeb states that it has never represented Gardner, the principal of Plaintiff Baytree and the second largest shareholder of Broadcaster, in prior litigation.  However, Loeb did represent Gardner personally with reference to a production agreement for a Broadway show Gardner was financing.  This representation, which occurred in 2002, was a joint representation of Gardner and another individual, Roy Furman.  Any true conflict search conducted by Loeb would certainly have discovered this prior representation.  However, Loeb does not argue that this prior representation presented no conflict; rather it argues that this prior representation never occurred.

21.    These glaring and obvious misstatements of fact indicate Loeb's willingness to mislead, and even outright lie, to the Court in order to remain as counsel to Broadcaster, all while acting as the undisputed lead counsel for all defendants.  Loeb's conduct here has been anything but neutral, rather they have aggressively led the charge against the Plaintiff, seemingly blind to the fact that any recovery by Plaintiff goes directly to its client Broadcaster.  <u>This is only explained by the long and continuing relationship between Loeb and the personally named defendants</u>.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed this 27th day of June, 2008, at New York, New York.

_____s/_____
Brian Gardner, Declarant

**Declaration of Brian Gardner, Esq.**