Brian Gardner
**SULLIVAN GARDNER PC**
475 Park Avenue South
New York, New York 10016
(212) 687-5900   FAX (212) 687-4060

Attorneys for Plaintiff
BAYTREE CAPITAL ASSOCIATES, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| BAYTREE CAPITAL ASSOCIATES, LLC, derivatively on behalf of, BROADCASTER, INC.<br><br>Plaintiff,<br><br>- against -<br><br>NOLAN QUAN, MARTIN R. WADE III, BLAIR MILLS, RICHARD BERMAN, ANDREW GARRONI, JASON BRAZELL, ROBERT GOULD, SANGER ROBINSON, ALCHEMY COMMUNICATIONS, INC., FROSTHAM MARKETING, INC., PACIFICON INTERNATIONAL, INC., LONGVIEW MEDIA, INC., ACCESS MEDIA NETWORKS, INC., ALCHEMY F/X, INC., INNOVATIVE NETWORKS, INC., BINARY SOURCE, INC., BROADCASTER, LLC, TRANSGLOBAL MEDIA, LLC, SOFTWARE PEOPLE, LLC, and ACCESS MEDIA TECHNOLOGIES, LLC,<br><br>Defendants.<br><br>- and- | CASE NO. 2:08-cv-2822 CAS(AJWx)<br><br>Assigned to the Honorable Christina A. Snyder<br><br>Related Cases:<br><br>CV06-4923 CAS(AJWx)<br>2:08-cv-02848 CAS (AJWx)<br><br>**Notice of Motion and Memorandum of Points and Authorities in Support of Motion Seeking an Order Disqualifying Loeb & Loeb LLP as Counsel For Nominal Defendant Broadcaster, Inc.**<br><br>**Date Filed: June 27, 2008<br>Time: 10:00 a.m.<br>Date: July 21, 2008<br>Trial Date: Not Set<br>Judge:      Hon. Christina A. Snyder** |

-1-

)

BROADCASTER, INC.                          )
                                           )
                   Nominal Defendant.)

**TO ALL PARTIES AND ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE, that on July 21, 2008, at 10:00 a.m., in Courtroom 5 of the above-entitled Court, located at 312 North Spring Street, Los Angeles, California 90012, or as soon thereafter as the matter may be heard, Plaintiff, BAYTREE CAPITAL ASSOCIATES, LLC, will move this Court for an order disqualifying the law firm of Loeb & Loeb LLP as the attorneys for the nominal defendant Broadcaster, Inc. and for such other and further relief as the Court may deem just and proper.

This motion is made based upon this Notice of Motion, the Memorandum of Points and Authorities in support thereof, the Declaration of Brian Gardner of Sullivan Gardner PC, all pleadings, records and documents on file herein, and upon such other evidence, oral and documentary, as may be presented to the Court at the hearing on this Motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which was commenced on June 3, 2008 by telephone conference and electronic mail between counsel.

Dated:         June 27, 2008                    Respectfully submitted,


                                                By: ____s/_____
                                                Brian Gardner
                                                (Admitted Pro Hac Vice)
                                                Sullivan Gardner PC
                                                Attorneys for Plaintiff
                                                475 Park Avenue So.
                                                New York, New York 10016
                                                (212) 687-5900

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES.......................................5

I.      INTRODUCTION.............................................................................5

II.     ARGUMENT..................................................................................9

      <u>Point I:</u>      LOEB MUST BE DISQUALIFIED AS COUNSEL FOR
                        BROADCASTER BASED UPON VARIOUS CONFLICTS
                        OF INTEREST RESULTING FROM ITS PRIOR AND
                        CONCURRENT REPRESENTATION OF NAMED
                        DEFENDANTS...................................................9

                  A.      Loeb's Concurrent and Former Representation of Wade and
                        Seven Other Defendants in Highly Related Matters Precludes Its
                        Representation of the Nominal Defendant
                        Here.....................................................12

                            I.      As Loeb concurrently defended Wade in what
                                Loeb itself identifies as a related matter they are
                                  conflicted from concurrently representing
                                Broadcaster, Inc. in the instant case.............17

                            II.      Counsel for a nominal defendant corporation,
                                who has previously represented defendants and
                                directors of that corporation, cannot represent
                              the corporation in a derivative action which
                              alleges malfeasance against that very Board and
                              previously represented defendants..............20

                  B.      Limited Neutral Role of Nominal Defendant's
                          Counsel.............................................23

                    C.      An attorney cannot place themselves in a position
                          where they may have to cross examine a former
                          client.................................................25

                  D.      Any Conflicts of Interest found in Loeb's
                          Representation of Broadcaster cannot be waived.......27

         III.      CONCLUSION.............................................29

Memorandum of Points and Authorities in Support of Motion to Disqualify Loeb & Loeb as counsel for Nominal
Defendant Broadcaster, Inc.

1

## TABLE OF AUTHORITIES

2

### CASES

Bell Atlantic Corporation v. Bolger et al, 2 F.3d 1304 (3rd Cir. 1993)…………………..16

Brennan's Inc. v. Brennan's Restaurants, Inc., 590 F.2d 168, 172 (5th Cir. 1979)…...….14

Cannon et al v. U.S. Acoustics Corporation et al, 398 F. Supp. 209 (N.D. Il. 1975)……………………………………………………………9, 13, 16, 20, 22, 28

Clark v. Lomas & Nettleton Financial Corp., 79 F.R.D. 658, 659-60 (N.D. Tex. 1978)……………………………………………………………………... 12

County of Suffolk v. Long Island Lighting Co., 710 F. Supp. 1407, 1413 (E.D.N.Y. 1989), aff'd, 907 F.2d 1295 (2d Cir. 1990)……………………………………..………..17

Emle Industries, Inc. v. Patentex, Inc., 478 F.2d 562 (2d Cir. 1973)……………………22

Estates Theatres v. Columbia Pictures Indus., 345 F.Supp 93, 99 (S.D.N.Y. 1972)...26, 27

Fleischer v. A.A.P., Inc., 163 F. Supp. 548 (S.D.N.Y.1958), appeal dismissed, 264 F.2d 515 (2d Cir. 1959), cert. denied, 359 U.S. 1002, 79 S. Ct. 1139, 3 L. Ed. 2d 1030 (1959)……………………………………………………..……………20

Greene v. Greene, 47 NY2d 447, 453 (1979)………………………………………………26

In Re: Oracle Sec. Litig., 829 F.Supp. 1176 (N.D.Ca. 1993)……………………………27

International Brotherhood of Teamsters, Chauffers, Warehousemen and Helpers of America v. Hoffa et al., 242 F.Supp. 246, 253-254, (D.D.C. 1965).....10, 13, 16, 24

Lewis v. Shaffer Stores Co., 218 F.Supp. 238 (S.D.N.Y. 1963)……………...9, 16, 22, 28

Messing v. FDI, Inc., 439 F. Supp. 776, 779 (D.N.J. 1977)…………………......  9, 12, 17

Meyers v. Smith, 190 Minn. 157, 251 N.W. 20 (1933)…………………………………23

Monahan v. Kenny, 248 A.D. 159 (1st Dep't 1936)…………………..…………….12, 20

Narel Apparel Ltd., Inc. v. American Utex International et al., 92 A.D.2d 913, 914; 460 N.Y.S.2d 125 (2nd Dep't 1983)………………………………………………26

Otis & Co. v. Pennsylvania R. Co. et al., 57 F. Supp. 680 (E.D.Pa. 1944)…………..23, 25

Pyle v. Meritor Savings Bank et al, 1994 U.S.Dist. LEXIS 5408 (E.D.Pa. 1994)………26

Ross v. Bernhard, 396 U.S. 531, 538, 90 S. Ct. 733, 24 L. Ed. 2d 729 (1969)……...……9

-4-

Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)…………………………..13, 21

Stepak v. Addison et al, 20 F.3d 398 (11th Cir. 1994)……………......12, 13, 14, 16, 20, 21

Swanson v. Traer, 230 F.2d 228 (7th Cir. 1956)……………………………....…..9

United States v. Esposito, 816 F.2d 674, 1987 WL 37105 (4th Cir. 1987)
    (unpublished disposition)……………………………………………………….26

United States v. Moscony, 927 F. 742, 750 (3d Cir. 1991)…………………………...26

United States v. Standard Oil Company, 136 F. Supp. 345, 364 (S.D.N.Y.1955)………20

Yablonski v. United Mine Workers, 147 U.S. App. D.C. 193, 454 F.2d 1036, 1041
    (D.C. Cir. 1971)……………………………………………………………….13, 16

Westinghouse Elec. Corp. v. Gulf Oil Corp., 588 F2d 221, 225 (7th Cir. 1978)………...26

## OTHER AUTHORITIES

Model Rule of Professional Conduct 1.6(a)………………………………………… 21

Model Rule of Professional Conduct 1.9(c)(2)……………………………………..21

Rule 1.13 of the American bar Association Model Rules of Professional Conduct……..15

Rule 1.7 of the American bar Association Model Rules of Professional Conduct..…15, 17

Memorandum of Points and Authorities in Support of Motion to Disqualify Loeb & Loeb as counsel for Nominal Defendant Broadcaster, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on June 3, 2008.  Further, the issues raised herein have been previously discussed with the parties in numerous conversations between counsel, as well as by way of a request for a pre-motion conference to the Court by letter dated April 4, 2008 to the Honorable Louis L. Stanton prior to the transfer of this matter to the Central District of California.

The facts and circumstances upon which this application is based are set forth in detail in the Declaration of Brian Gardner, filed contemporaneously with the instant memorandum, as well as the Declaration of Michael Gardner annexed to the Declaration of Brian Gardner as Exhibit "L".

This case involves a shareholder derivative action brought by Plaintiff, Baytree Capital Associates, LLC ("Baytree") on behalf of Broadcaster, Inc. (referred to herein sometimes as "Broadcaster", the "Company" or the "Nominal Defendant"), seeking relief for the damages sustained, and to be sustained, by Broadcaster from Defendants, certain executives and a majority of its Board of Directors, as well as related companies and individuals, for violations of state and federal law, including, inter alia, looting of the Company's funds, self-dealing, breaches of fiduciary duties, fraud and fraudulently obtaining assets and funds of the

-6-

Company, misappropriation of the assets and funds of the Company, gross

mismanagement, waste of corporate assets, unjust enrichment, conversion,

laundering of the income and funds of the Company through other entities,

violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange

Act"), 15 U.S.C. §78j(b), and SEC Rule 10b-5, 17 C.F.R. §240.10b-5, and

violations of the Federal Racketeering Influenced and Corrupt Organizations Act, 18

U.S.C. §§ 1961-1968 ("RICO").

By its instant application, Plaintiff seeks the admittedly unusual relief of the

disqualification of the law firm of Loeb & Loeb ("Loeb") as the attorneys for the

nominal defendant Broadcaster, Inc.  Plaintiff submits that removal is appropriate

and necessary due to substantial and manifest conflicts of interest which arise out of

Loeb's concurrent representation of the Chief Executive Office of the nominal

defendant, Martin Wade, III ("Wade"), a most significant party defendant adverse to

the Company in the instant matter, as well as its prior representation of numerous

defendants in a related action.  The conflicts are extreme and undeniable and deny

the Nominal Defendant neutral counsel.

Despite their many outrageous false statements to the contrary[1], Loeb has

represented Wade and Broadcaster at the same time during the pendency of the

---

[1] For example, in its April 7, 2008 letter to Judge Stanton, Loeb claims that the only party they represent in any of the

four related actions is Broadcaster despite, as of that date, filing three separate documents with the Court as counsel

instant matter.  Moreover, the representation of Wade occurred and is occurring in a case which Loeb itself has described in Court filings as a related action involving the same underlying facts and circumstances.[2]  Further, Michael Mallow of Loeb's, California office, is active lead counsel despite the fact that Mr. Mallow himself was lead counsel from Loeb for seven named defendants here in a recent action by the United States Federal Trade Commission ("FTC"), the sum and substance of which is an important component of the instant derivative action.  Based upon these concurrent and prior representations, Loeb, we respectfully submit, must be disqualified as counsel for Broadcaster.  They are not, and most certainly have not, conducted themselves as independent counsel for the Nominal Defendant.

Accordingly, we respectfully submit that Loeb should be removed as counsel for the Nominal Defendant on the following basis:[3]

1.    Counsel for the Nominal Defendant Company in a derivative action which alleges malfeasance of the Board cannot concurrently represent members of the Board regarding the same allegations, such representation mandates removal from both actions, here Loeb represents the Company and Chairman of the Board Wade;

---

for Wade in the <u>Gardner v. Wade</u> action, in both state and federal court.  The full nature of Loeb's glaringly false misstatements are more fully set forth in the Declaration of Brian Gardner of Sullivan Gardner PC at para. 16 and 17.

[2] <u>Gardner v. Wade</u>, Case No.:  08-cv-2850 (LLS)

[3] We bring this application in spite of our fondness for Loeb's California counsel.  Though we are aware that most such applications arise out of some acrimony or animosity, we can assure the Court that no such feelings exist here.

-8-

2.     The Nominal Defendant company in a derivative action, particularly one alleging malfeasance of the defendants, is in an adverse position to the other defendants, as such counsel cannot represent the Nominal Defendant where they have previously, or currently, represented the defendants in other litigations that involved matters material to the instant action, here Loeb represents the Company while representing Wade, and previously representing seven of the named defendants in a highly related matter;

3.     An attorney cannot place themselves in a position where they may have to cross-examine a current or former client nor be in a position where it appears that confidences from a current or former client will be utilized adverse to that client, again, here, Loeb represents the Company while representing Wade, and previously representing seven of the named defendants in a highly related matter;

4.     The Nominal Defendant is entitled to independent counsel, who can evaluate the action free from prior relationships or representations, further such independent counsel will generally have a limited role as its only client is the entity named only nominally, here Loeb has a standing and extensive relationship with numerous defendants and has taken the lead role in defending the action from the instant they appeared in it.

We do not bring this application lightly, but believe it is required by the extreme conduct and circumstances in the instant matter, and do so only after the issues have been repeatedly raised to Loeb written and otherwise.

## II.    ARGUMENT

### Point I

**LOEB MUST BE DISQUALIFIED AS COUNSEL
FOR BROADCASTER BASED UPON VARIOUS
CONFLICTS OF INTEREST RESULTING FROM
ITS PRIOR AND CONCURRENT
<u>REPRESENTATION OF NAMED DEFENDANTS</u>**

A derivative suit is, in legal effect, a suit brought by the corporation, but conducted by the shareholders. The corporation, although formally aligned as a defendant for historical reasons, is in actuality a plaintiff.  <u>Cannon et al v. U.S. Acoustics Corporation et al</u>, 398 F. Supp. 209 (N.D. Il. 1975); *citing* <u>Ross v. Bernhard</u>, 396 U.S. 531, 538, 90 S. Ct. 733, 24 L. Ed. 2d 729 (1969); <u>Swanson v. Traer</u>, 230 F.2d 228 (7th Cir. 1956).  In a derivative action, the corporation is in the anomalous position of being both plaintiff and defendant.  *See* <u>Cannon</u> at 214.

In a derivative action, the nominal defendant's counsel must be independent, not have ties to the individual defendants. *See*, e.g., <u>Lewis v. Shaffer Stores Co.</u>, 218 F.Supp. 238 (S.D.N.Y. 1963); *see also*, <u>Messing v. FDI, Inc.</u>, 439 F. Supp. 776, 779 (D.N.J. 1977).  Only such unencumbered counsel can be independent and concern itself with only the corporation's interests.  *See*, <u>Id</u>.  Further, counsel for the nominal

defendant has a limited role in the litigation usually relegated to answering and assisting the Court regarding settlement matters.  *See,* <u>International Brotherhood of Teamsters, Chauffers, Warehousemen and Helpers of America v. Hoffa et al.</u>, 242 F.Supp. 246, 253-254, (D.D.C. 1965).

In the instant action, Loeb, by attorneys Michael Mallow, Esq., Michael P. Zweig, Esq. and Eugene R. Licker, Esq., have appeared on behalf of the Company as counsel.  However, Messrs. Mallow's, Zweig's and Licker's, as well as Loeb's as a law firm, representation of Broadcaster is not appropriate in this derivative action. The manner in which they have represented Broadcaster is improper as a nominal defendant and evidences the deep conflicts that prevent them from properly serving as counsel to the nominal defendant.

Though presently counsel for Broadcaster, Loeb, specifically Messrs Zweig and Licker, concurrently represented Wade in what Loeb itself has identified as a related matter "arising out of the same operative facts and effectively involving the same parties, subject matter" as the instant action.[4]  Exhibit "M" to Gardner Declaration.  This concurrent representation of adverse parties, we submit, mandates Loeb's disqualification as counsel for Plaintiff and nominal defendant Broadcaster.[5]

---

[4] Defendant Wade is the sole defendant in the <u>Gardner v. Wade</u> action.  Mr. Zweig and Mr. Licker of Loeb remained as sole counsel for Wade, the sole defendant, in that action until April 10, 2008, when Mr. Armstrong of Howrey LLP joined them as co-counsel.  *See,* paragraph 18 and Exhibits "M" through "X" of the Gardner Declaration.

[5] It should be noted that to date Mr. Licker and Mr. Zweig remain as counsel of record for Wade in the defamation action according to the Court's ECF System.  However, following the filing and service of Plaintiff's April 9, 2008 correspondence to the Court responding to Loeb's various misstatements of fact, a Notice of Appearance was filed by

-11-

Further, Loeb has previously represented six of the named defendants in this matter in the FTC Action.  Those parties represented by Loeb in the FTC Action were defendants Garroni, Longview, Frostham, Binary, Innovative, and Pacificon. In addition, a seventh named defendant, Defendant Jason Brazell ("Brazell"), was the signatory of the settlement agreement on behalf of Defendant Frostham; a settlement agreement negotiated by Loeb for its client Frostham.  As will be discussed further below, the FTC Action arose out of the very acts and conduct which is the genesis of the fraud, theft and other malfeasance alleged against all defendants in this action.  Based upon this representation and confidential relationship with seven of the named defendants herein on subject material to the instant matter Loeb must be disqualified as counsel for Broadcaster.

A.   Loeb's Concurrent and Former Representation of Wade and Seven Other Defendants In Highly Related Matters Precludes Its Representation of the Nominal Defendant Here

Michael Armstrong, Esq. as counsel for Wade.  Assuming that Loeb will argue that as of April 10, 2008, the date of the filing of the Armstrong Notice of Appearance, they ceased to act as counsel for Wade, the fact remains that Loeb, by Attorneys Licker and Zweig, filed the Notice of Removal on behalf of Wade and sought an extension of his time to answer the complaint.  Additionally, it is without dispute that from early March 2008, when Wade was served with the Complaint, to April 10, 2008, Loeb was the sole counsel of record for Wade.

-12-

Rarely do such straight forward unwaivable situations of conflicts exist. Due to Loeb's concurrent representation of Wade and its prior representation of seven defendants previously in a related action it is untenable that it persists in representing the Nominal Defendant, and actually leading the defense for all defendants, in the current matter.

Although the corporate entity is a nominal defendant in derivative actions, it is in reality the ultimate beneficiary of any recovery against the insider defendants. Stepak v. Addison et al, 20 F.3d 398 (11th Cir. 1994); *referencing*, Clark v. Lomas & Nettleton Financial Corp., 79 F.R.D. 658, 659-60 (N.D. Tex. 1978); Messing v. FDI, Inc., 439 F. Supp. 776, 779 (D.N.J. 1977). Thus, if the derivative suit is meritorious, the interests of the corporate entity and the interests of the insider defendants are likely to be directly adverse. Stepak at 404.  In circumstances where application of corporate funds for personal use, along with other acts of misfeasance and waste, are alleged against directors, the corporation's interests are in direct conflict with those of the individual defendants in control of the company.  *See,* Monahan v. Kenny, 248 A.D. 159 (1st Dep't 1936).

Therefore, in a derivative suit, the better course is for the corporation to be represented by independent counsel from the outset, even if counsel believes in good faith that no conflict exists.  *See,* Cannon et al v. U.S. Acoustics Corporation et al, 398 F. Supp. 209 (N.D. Il. 1975).

-13-

"True, if the derivative suit lacks merit then the corporation's and the alleged wrongdoers' interests will be aligned; both will want the derivative suit to be terminated.  However, to properly distinguish between meritorious and frivolous shareholder allegations, corporate counsel must be able to exercise independent professional judgment, free of any bias in favor of his individual clients."  Id. at 404-405.  However, any determination that the corporation and the alleged wrongdoers' interests are aligned may only be made after a reasonable and impartial investigation.  To make any such claim before a reasonable and impartial investigation "puts the cart before the horse."  Stepak at 405, *quoting* Yablonski v. United Mine Workers, 147 U.S. App. D.C. 193, 454 F.2d 1036, 1041 (D.C. Cir. 1971) (*quoting* International Brotherhood of Teamsters v. Hoffa, 242 F. Supp. 246, 256 (D.D.C. 1965)

The Stepak Court stated succinctly and strongly that the "[s]election of a law firm that has actually represented the alleged wrongdoers in proceedings related to the very subject matter that the law firm is now asked to neutrally investigate reaches, in our opinion, the level of gross negligence and is incompatible with a board's fiduciary duty to inform itself 'of all material information reasonably available' prior to making a business decision."  *Citing and quoting,* Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985).

The Stepak Court explained the potential for harm to the current client as follows:

-14-

> "There is a strong possibility that a 'lingering allegiance' toward the insider defendants will color or otherwise bias counsel's investigation of the allegations against its former clients, as well as any legal advice counsel provides to the corporation about the matter. This is especially true when the prior representation was in relation to criminal proceedings. The risk of spill-over loyalties is especially high in this context: counsel, who until recently advocated the position of the alleged wrongdoers, is now asked to investigate their conduct objectively and impartially and to advise an alleged victim whether it should seek to recover from them. That asks too much of human nature, given that a fair and thorough review might lead the corporation to sue the former clients. We believe that it is unreasonable for a board of directors to entrust its investigation of a shareholder's demand to conflicted counsel."

Stepak at 450-406.

> "In addition to the problem of lingering and divided loyalties, a law firm that had previously defended the alleged wrongdoers would be hampered in its investigation of the shareholder's allegations by its continuing duty to preserve the secrets and confidences of its former clients." Id. At 406.

The Stepak Court further held that:

> "The lawyer's ethical duty of confidentiality is much broader than the scope of the attorney-client evidentiary privilege. Brennan's Inc. v. Brennan's Restaurants, Inc., 590 F.2d 168, 172 (5th Cir. 1979). As a result, a law firm that had previously represented an alleged wrongdoer would be obligated not to reveal any non-public information, from whatever source derived, obtained in the course of the prior representation. By definition, the duty protects information acquired by means other than privileged communications with the client. Therefore, much of the protected information might have been

-15-

uncovered by an investigation conducted by truly independent counsel on behalf of the corporation. But counsel who has previously represented the alleged wrongdoers in connection with the very conduct in question, and who is thereby burdened with a confidentiality duty to them, is not truly independent. *It would be unrealistic to expect a lawyer or law firm to unlearn that which it had already learned about a case and then to reinvestigate, rediscover, and relearn that same information, all without betraying the interests of either the former or the present client.*" (emphasis added)[6] Id. at 406.

Further, in a union derivative suit, Yablonski v. United Mine Workers, the D.C. Circuit held that "'where, as here, union officials are charged with breach of

_____

[6]      Rule 1.13 of the American bar Association Model Rules of Professional Conduct provides that "A lawyer representing an organization may also represent any of its directors, officers, employees, members, shareholders or other constituents, subject to the provisions of Rule 1.7". Model Rules of Professional Conduct Rule 1.13(g).

Anticipating the potential conflict which would arise in the course of such representation in a derivative action, the commentary on Rule 1.13 provides that in derivative actions:

"[t]he question can arise whether counsel for the organization may defend such an action. The proposition that the organization is the lawyer's client does not alone resolve the issue. Most derivative action are a normal incident of an organization's affairs, to be defended by the organization's lawyer like any other suit. However, if the claim involves serious charges of wrongdoing by those in control of the organization, a conflict may arise between the lawyer's duty to the organization and the lawyer's relationship with the board. In those circumstances, Rule 1.7 governs who should represent the directors and the organization. (emphasis added)

Model Rules of Professional Conduct Rule 1.13-Comment 14.

Rule 1.7 of the Model Rules of Professional Conduct state that:

"a lawyer shall not represent a client if representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:…there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibility to another client, a former client, or a third person or by personal interests of the lawyer."

Model Rules of Professional Conduct 1.7(a)(2).

"In addition, the client on whose behalf the adverse representation is undertaken reasonably may infer that the lawyer will pursue the lawyer's case less effectively out of deference to the other client, i.e. that the representation may be materially limited by the lawyer's interest in retaining the current client." Model Rules of Professional Conduct 1.7-Comment 6.

-16-

fiduciary duty, the [union] is entitled to an evaluation and representation of its institutional interests by independent counsel, *unencumbered by potentially conflicting obligations to any defendant officer.'*" 147 U.S. App. D.C. 193, 454 F.2d 1036, 1041 (D.C. Cir. 1971) (*quoting* International Brotherhood of Teamsters v. Hoffa, 242 F. Supp. 246, 256 (D.D.C. 1965).

Universally[7], courts have required independent counsel where directors are alleged to have defrauded the corporation. *See* Bell Atlantic Corporation v. Bolger et al, 2 F.3d 1304 (3rd Cir. 1993)*; see also* Cannon v. U.S. Acoustics Co., 398 F. Supp. 209 (N.D. Ill. 1975), *aff'd in relevant part per curiam*, 532 F.2d 1118, 1119 (7th Cir. 1976) (district court disqualified counsel from simultaneously representing the corporation and the individual directors accused of fraud; conflict of interests among defendants and risk that confidences obtained from one client would be used against another); Lewis v. Shaffer Stores Co., 218 F. Supp. 238 (S.D.N.Y. 1963) (corporation could not share counsel with individual directors accused of defrauding the corporation). This is particularly important when a prior direct attorney-client relationship existed with the other defendants. *See,* e.g., Stepak.

I.    As Loeb concurrently defended Wade in what Loeb itself identifies as a related matter they are conflicted from concurrently representing Broadcaster, Inc. in the instant case.

---

[7] We have not located any opinions holding otherwise.

-17-

The ethical standards imposed upon attorneys in federal court are a matter of

federal law.  County of Suffolk v. Long Island Lighting Co., 710 F. Supp. 1407,

1413 (E.D.N.Y. 1989), aff'd, 907 F.2d 1295 (2d Cir. 1990). Federal Courts look to

the American Bar Association Model Rules of Professional Conduct to furnish the

appropriate ethical standard.  Id. at 1414.

Rule 1.7 of the American Bar Association Model Rules for Professional

Conduct states in pertinent part that:

(a)    A lawyer shall not represent a client if the representation
involves a concurrent conflict of interest.  A concurrent conflict of
interest exists if :

(1)    the representation of one client will be directly adverse to
another client.

Further, as regards representation in a derivative action,

"Independent counsel for the corporation, unshackled by any ties to

the directors, would be in the unique position of having only the

corporation's interest at stake."  Messing v. FDI, Inc., 439 F.Supp.

777, 782 (D.N.J. 1977).

In the instant matter, Loeb currently represents the nominal party,

Broadcaster.  However, simultaneously, Loeb represented, and according to the

Court records continues to represent, Wade, one of the principle defendants in this

action, in what Loeb itself states is a related action.  Annexed to the Gardner

Declaration as Exhibit "M" is a copy of the civil cover sheet submitted by Loeb as part of that firm's notice of removal in the action of Gardner v. Wade, 08-cv-2850. ("Defamation Action")  That civil cover sheet provides as an appendix an "Explanation Statement as to Relation of Cases" which states that the matter of "Baytree Capital Associates, LLC v. Quan et al is a shareholder derivative action on behalf of Defendant Broadcaster arising out of the same operative facts and effectively involving the same parties, subject matter and disputes as [Gardner v. Wade]."

Further, that same civil cover sheet indicates that the attorneys of record for Wade in that action are Michael P. Zweig, Esq. and Eugene R. Licker, Esq. of Loeb. Exhibit "M" to Gardner Declaration.  Additionally, annexed to the Gardner Declaration as Exhibit "N" is a copy of the so-ordered stipulation signed by the parties extending the Company's time to answer the Complaint in this matter.[8]  The attorneys of record listed on that stipulation are again Messrs. Zweig and Licker. Therefore, not only was the law firm of Loeb representing adverse parties, but Mr. Zweig and Mr. Licker themselves are the attorneys of record in both actions.

We submit, Loeb's representation is unequivocally barred in this action and Gardner v. Wade.  The instant action involves allegations of the taking of corporate funds for personal use, waste and other acts of misfeasance, against Wade and

-19-

others.  During the course of its representation of Wade in the Defamation Action, Loeb will naturally be aligned with, and have had privileged and confidential conversations with Wade concerning facts and events which "aris[e] out of the same operative facts and effectively involve[e] the same parties, subject matter and disputes" as the instant matter.  See Exhibit "M" to Gardner Declaration.  Loeb will then be placed in the position, in this derivative action, of "neutrally investigating" the allegations against Wade and sit adverse to him at depositions and trial, on the very same issues which Loeb represents Wade in the Defamation Action.  This is a direct and unavoidable conflict that also prevents Broadcaster from obtaining a neutral investigation.  This concurrent representation, we submit, irrefutably requires the disqualification of Loeb.[9]

Whether we term it a blatant conflict, as lingering and divided loyalties, preservation of secrets and confidences, betrayal of the interests of either client, or the inability to have a neutral evaluation, the conflict and evidence of the harm caused to the Company by Loeb's continued representation is clear. *See,* Monahan, Stepak, and Cannon.[10]

---

[8] The Court should also note that, though they do not represent the other named defendants and should be appearing in this action solely to protect the interests of Broadcaster, Loeb saw fit to seek an extension of time to answer the complaint in this action for "Broadcaster, Inc. and the other named defendants".  See Exhibit "N"

[9] The late entry of Mr. Armstrong as additional counsel for Wade does not somehow cure the existing conflict or confidences that occurred.

[10] However, even assuming that the evidence of conflicts had not swung so far in movant's favor as we assert herein, although the burden of establishing the substantial relationship is on the party seeking to disqualify the opposing

-20-

1

2

3     II.    Counsel for a nominal defendant corporation, who has previously represented
      defendants and directors of that corporation, cannot represent the corporation in a
4     derivative action which alleges malfeasance against that very Board and previously
      represented defendants.
5

6          In addition to the problems caused by Loeb's concurrent representation of

7     Wade and Broadcaster, Loeb, it is submitted, must be disqualified as counsel for

8     Broadcaster based upon its standing relationship with the Board and other

9
      defendants which are accused of theft, fraud and other malfeasance.
10

11         As discussed above, prior to representing Broadcaster in the instant matter,

12    Loeb, by way of the same lead counsel here, Michael Mallow, represented seven of

13
      the named defendants in this action, defendants Garroni, Longview, Frostham,
14

15    Binary, Innovative, Pacificon and Brazell, in the FTC Action, which alleges the

16    conduct which is the genesis of the scheme to defraud and loot Broadcaster as

17    alleged in the Complaint.  We submit that the prior relationships (and current

18
      relationships with Wade discussed in A. above) with seven of the named defendants
19

20    in this action establishes that the representation of Broadcaster will be materially

21    impacted and limited by Loeb's responsibility and allegiances to these other clients.

22

23

24

25    attorney, a close case should be resolved in the movant's favor.  Fleischer v. A.A.P., Inc., 163 F. Supp. 548

26    (S.D.N.Y.1958), appeal dismissed, 264 F.2d 515 (2d Cir. 1959), cert. denied, 359 U.S. 1002, 79 S. Ct. 1139, 3 L. Ed.
      2d 1030 (1959); United States v. Standard Oil Company, 136 F. Supp. 345, 364 (S.D.N.Y.1955).  Therefore, as at
27    worst the current situation results in a "close call" as to whether disqualification is appropriate, Loeb must be

28    dismissed as counsel for Broadcaster.

The conflicts, potential conflicts and appearance of conflicts are undeniable.  As such Loeb is conflicted and not independent.

As noted above, the <u>Stepak</u> Court found representation almost identical to that presented here to rise to "the level of gross negligence and is incompatible with a board's fiduciary duty to inform itself "of all material information reasonably available".  <u>Stepak</u> at 405, *citing to* <u>Smith v. Van Gorkom</u>, 488 A.2d 858, 872 (Del. 1985).

Here, Loeb, who represented seven FTC Defendants, "until recently advocated the position of the alleged wrongdoers" against the FTC, and in doing so accepted legal fees upon information and belief in excess of $1,000,000.00, and "is now asked to investigate their conduct objectively and impartially and to advise [Broadcaster] whether it should seek to recover from them."  Id.  The conflict is unmistakable and undeniable.  Loeb would be forced to "unlearn" that which it learned as counsel for the FTC Defendants and somehow void its relationship with them.[11]  What each FTC Defendant knew about the actions alleged in the FTC Complaint, whether any FTC Defendant took an active role in the actions alleged in the FTC Complaint, and who, if anyone, assisted the FTC Defendants in their actions, as well as what was learned by way of investigation, are all relevant issues

---

[11] Model Rule of Professional Conduct 1.6(a) prohibits a lawyer from revealing information related to the representation of a client.  Rule1.9(c)(2) provides that this duty of confidentiality continues after the client-lawyer relationship has terminated.  Rule 1.9(c)(1) prohibits the disclosure of such information to the disadvantage of the former client.

which Loeb would have obtained confidential information on as part of their

representation of the FTC Defendants.  This confidential information would have to

be unused and hidden from its current client Broadcaster despite the fact that full

disclosure of the actions which led to the FTC Complaint would be have a direct

impact on Broadcaster's assessment of the instant action.

"Even the most rigorous self-discipline might not prevent a lawyer from

unconsciously using or manipulating a confidence acquired in the earlier

representation and transforming it into a telling advantage in the subsequent

litigation.  Or, out of an excess of good faith, a lawyer might bend too far in the

opposite direction, refraining from seizing a legitimate opportunity for fear that such

a tactic might give rise to an appearance of impropriety.  In neither event would the

litigant's or the public's interest be well served." <u>Emle Industries, Inc. v. Patentex,

Inc.</u>, 478 F.2d 562 (2d Cir. 1973).

While many of the cases noted above, e.g., <u>Cannon</u>, <u>Lewis</u>, deal with the joint

representation of individuals and the corporation within the same action, the

concerns, are identical.  First, as discussed in section A. above, concurrent

representation did occur here with Defendant Wade and the Nominal Defendant.  If

Loeb could not represent Wade and Broadcaster in the same action simultaneously,

then they cannot represent Broadcaster in this action and Wade in the closely related

action.  Further, Loeb has previously represented seven of the named defendants in

this matter.  In addition, Loeb has represented, or had confidential relationships

-23-

with, defendants Quan, Robinson, and Brazell based upon those parties standing as the principals, officers and directors of additional corporate clients of Loeb.  In all, Loeb has significant issues related to privilege and confidences arising out of its direct connection to ten of the twenty named defendants.  The risk that confidences of one client could be used against another, or that lingering allegiances may interfere with Loeb's representation of the Company, is, we submit, blatantly unacceptable.

B.      Limited Neutral Role of Nominal Defendant's Counsel

A corporation in a derivative action is properly joined as a party for the protection of the defendants, so that when final judgment herein is entered the individual defendants may be thereby protected from a second suit on the same causes of action brought by the corporation but that does not vest in the corporation the right to step in and, by answer, attempt to defeat what is practically its own suit and causes of action.  Otis & Co. v. Pennsylvania R. Co. et al., 57 F. Supp. 680 (E.D.Pa. 1944); *quoting* Meyers v. Smith, 190 Minn. 157, 251 N.W. 20 (1933). "When fraud is the complaint against the directors, the essence of the corporation's interest is, and ought to be, in having the truth of the charges determined and in recovering all funds of which it was deprived."  Otis & Co. at 682.  The corporation has no reason, then, to even make affirmative defenses, except perhaps in a limited capacity. Id.

-24-

Here, Loeb has far exceeded the appropriate role for counsel of a nominal defendant in a corporate theft and waste matter.  It has actively and vigorously opposed Plaintiff since this action was first filed and indeed has led the defense.  Its appearances on this matter to date have consisted of arguments and filings actually against the burdening of all non-nominal defendants' assets; requests for additional time to answer for all defendants; and a request to change venue based upon the burden placed upon the other named defendants in this action.  Counsel for the non-nominal defendants, Mr. Armstrong of Howrey and now Venable LLP, have taken only a supporting role to the applications and arguments put forth by Loeb who should be passive participants at best.  Further example of Loeb's conduct is that during the recent deposition in this matter of Baytree's principle, Mallow flew to New York to take the deposition, asking every question, while Armstrong sat by without asking a single question.[12]

In sum, Loeb has maintained anything but a neutral role.  In fact, rather than limiting itself to defenses designed to safeguard the corporation's interests, it has done everything it could to advocate for the individual defendants, all of whom are accused of theft, fraud and malfeasance in the looting of corporate assets.  Loeb has

---

[12]   As a general proposition, a corporation in a derivative action should be kept in a neutral role when it can demonstrate no interest in the litigation beyond shielding of official whose activities are under attack.  It is clear too that even when permitted an adversary role, it should be limited to defenses designed to safeguard the institutional issues at stake.  International Brotherhood of Teamsters, Chauffers, Warehousemen and Helpers of America v. Hoffa et al., 242 F.Supp. 246, 253-254, (D.D.C. 1965).

even gone so far as to say that they reserve their right, on behalf of Broadcaster, to file motions to dismiss the complaint, generally, and based upon jurisdictional defenses maintained by the named defendants.[13]  Such conduct, besides being contrary to the proposition that the corporation should be a neutral participant, is clearly not consistent with the role of the supposedly independent counsel who should not "attempt to defeat what is practically [the corporation's] own suit and causes of action" and should be united in interest with the corporation in "having the truth of the charges determined and in recovering all funds of which [the corporation] was deprived." Otis at 682.

Based upon Loeb's existing relationship with the Board (including Wade), and the other defendants, all of whom have been accused of fraud, theft, and looting of the Company assets, Loeb, we respectfully submit, must be disqualified as counsel for the Company.

C.     An attorney cannot place themselves in a position where they may have to cross examine a former client.

"[A]n attorney who cross-examines former clients inherently encounters divided loyalties." Pyle v. Meritor Savings Bank et al, 1994 U.S.Dist. LEXIS 5408 (E.D.Pa. 1994); United States v. Moscony, 927 F. 742, 750 (3d Cir. 1991). "In United States

---

[13] Commented on in Defendant's motion to change venue filed in this matter.

v. Esposito, 816 F.2d 674, 1987 WL 37105 (4th Cir. 1987)(unpublished disposition), the Court of Appeals discussed these divided loyalties at length:

> "The conflicts presented in successive representation cases in which a former client has become an adverse witness may arise in a variety of ways. First, during the cross-examination of a former client the attorney may be tempted to violate the privilege and use information learned in the confidential communications between him and the witness to benefit the defendants. Second, counsel may hesitate to conduct a rigorous cross-examination of a former client for fear of breaching the confidential relationship.... Third, the attorney's pecuniary interest in the future business of the witness may cause him to avoid trial tactics which, while beneficial to the defendant, may prejudice the former client."

Id. at 4.

"It is not essential that there be proof positive that confidential information will necessarily be disclosed in the course of the litigation.  A 'reasonable probability of disclosure' should be sufficient".  Narel Apparel Ltd., Inc. v. American Utex International et al., 92 A.D.2d 913, 914; 460 N.Y.S.2d 125 (2nd Dep't 1983); citing Greene v. Greene, 47 NY2d 447, 453 (1979).  "Doubts as to the existence of an asserted conflict of interest are to be resolved in favor of disqualification."  Westinghouse Elec. Corp. v. Gulf Oil Corp., 588 F2d 221, 225 (7th Cir. 1978).  An attorney should "not be permitted to put himself in a position where, even unconsciously he will be tempted to 'soft pedal' his zeal in furthering the interests of one client in order to avoid an obvious clash with those of another." Estates Theatres v. Columbia Pictures Inds., 345 F.Supp 93, 99 (S.D.N.Y. 1972).

Here, Loeb has placed itself in the precarious position of having to depose or cross-examine seven separate defendants, whom they previously represented, or concurrently represented, in matters dealing with issues presented in the instant action.  Such conflicts cannot be permitted to stand and Loeb, we submit, must be dismissed as counsel.  Again, these issues were exacerbated by Loeb's choice of lead counsel, Mr. Mallow, the same attorney who let the defense in the FTC matter.

D.     Any Conflicts of Interest found in Loeb's representation of Broadcaster cannot be waived

It is clear that an inanimate corporate entity, which is run by directors who are themselves defendants in the derivative litigation, cannot effectively waive a conflict of interest.  *See e.g.,* In Re: Oracle Sec. Litig., 829 F.Supp. 1176 (N.D.Ca. 1993)

As discussed above, significant conflicts exist in Loeb's representation of the Company in this matter.  Additionally, should Loeb attempt to claim that they have obtained any purported waiver from Broadcaster as to such conflicts, any such claim would only add additional proof of the harm caused to Broadcaster by Loeb's representation.  As the Court is aware, a majority of the Broadcaster's Board of Directors and corporate officers, have been named as defendants in this action.  Certainly, no individual accused of stealing from Broadcaster should be permitted to waive a conflict that may work to Broadcaster's detriment.  Id.

1    "The merits of the case and the appropriate role for the corporate defendants

2    to take in the litigation should be decided after independent counsel has investigated

3    the facts and circumstances surrounding the allegations of the complaint."  *See,*

4    Cannon et al v. U.S. Acoustics Corporation et al, 398 F. Supp. 209 (N.D. Il. 1975);

5    *see also*, Lewis v. Shaffer Stores Co., 218 F.Supp. 238 (S.D.N.Y. 1963).  Loeb's

6    continued representation prevents this independent analysis from occurring.

# III.    CONCLUSION

For the foregoing reasons this Court should grant the Plaintiff's application disqualifying the law firm of Loeb & Loeb as the attorneys for Broadcaster, Inc. and preventing Loeb & Loeb from disclosing any confidential or privileged information it may have from Broadcaster as a result of its representation of the Company to any party, a party's attorney, or any other individual, along such other and further relief as the Court deems appropriate.

Dated:        June 27, 2008
              New York, New York

                              Respectfully submitted,


                              By: ____s/_____
                              Brian Gardner
                              (Admitted Pro Hac Vice)
                              Sullivan Gardner PC
                              Attorneys for Plaintiff
                              475 Park Avenue So.
                              New York, New York 10016
                              (212) 687-5900

Memorandum of Points and Authorities in Support of Motion to Disqualify Loeb & Loeb as counsel for Nominal Defendant Broadcaster, Inc.