UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-2822 CAS (AJWx) | Date | September 29, 2008 |
|---|---|---|---|
| Title | BAYTREE CAPITAL ASSOCIATES, LLC, ETC. v. NOLAN QUAN; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Brian Gardner (by telephone)

Attorneys Present for Defendants:

Richard Burdge, Jr.
David Kettel
Linda Northrup

**Proceedings:** **DEFENDANTS NOLAN QUAN; MARTIN R. WADE, III; BLAIR MILLS; RICHARD BERMAN; ALCHEMY COMMUNICATIONS, INC.; ALCHEMY F/X, INC.; BROADCASTER, LLC; TRANSGLOBAL MEDIA, LLC; SOFTWARE PEOPLE, LLC; & ACCESS MEDIA TECHNOLOGIES' MOTION TO DISMISS** (filed 08/29/08)

**DEFENDANTS ANDREW GARRONI; JASON BRAZELL; ROBERT GOULD; SANGER ROBINSON; FROSTHAM MKTG, INC; PACIFICON INTL, INC; LONGVIEW MEDIA, INC., INNOVATIVE NETWORKS, LLC; & BINARY SOURCE, INC.'S MOTION TO DISMISS CERTAIN CAUSES OF ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED & TO JOIN IN MOTION TO DISMISS FILED BY CO-DEFENDANTS** (filed 8/29/08)

## I.    INTRODUCTION

The facts and procedural history of this case are known to the parties and summarized in the Court's August 18, 2008 order granting plaintiff's motion to disqualify counsel, denying plaintiff's motion for a preliminary injunction, and granting defendants' motion to set aside a default judgment. ("August 18, 2008 order").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2822 CAS (AJWx) | Date | September 29, 2008 |
|---|---|---|---|
| Title | BAYTREE CAPITAL ASSOCIATES, LLC, ETC. v. NOLAN QUAN; ET AL. | | |

On February 15, 2008, Baytree Capital Associates, LLC ("Baytree"), on behalf of Broadcaster, Inc. ("Broadcaster"), filed this derivative suit against defendants Nolan Quan ("Quan"); Martin R. Wade III ("Wade"); Blair Mills ("Mills"); Richard Berman ("Berman"); Andrew Garroni ("Garroni"); Jason Brazell ("Brazell"); Robert Gould ("Gould"); Sanger Robinson ("Robinson"); Alchemy Communications, Inc. ("Alchemy Communications"); Frostham Marketing, Inc. ("Frostham"); Pacificon International, Inc. ("Pacificon"); Longview Media, Inc. ("Longview"); AccessMedia Networks, Inc. ("AccessMedia"); Alchemy Communications, Inc. ("Alchemy"); Alchemy F/X, Inc. ("Alchemy F/X"); Innovative Networks, Inc. ("Innovative Networks"); Binary Source, Inc. ("Binary"); Broadcaster, LLC; Transglobal Media, LLC ("Transglobal"); Software People, LLC ("Software People"); and Access Media Technologies, LLC ("AMT"). Baytree alleges that defendants -- who include officers and directors of Broadcaster as well as related companies and individuals -- engaged in improper and undisclosed related party transactions, thereby obtaining and misappropriating millions of dollars of Broadcaster's funds as part of a scheme involving the false promotion of a social networking website called broadcaster.com.

Baytree alleges the following claims against all defendants: (1) violation of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. 78j(b) (the "Exchange Act") and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5; (2) breach of fiduciary duty; (3) waste of corporate assets; (4) unjust enrichment; (5) conversion of corporate assets and self-dealing; and (6) violations of the Racketeering Influenced and Corrupt Organization Act, 18 U.S.C. §§ 1962 (a), (c), and (d); and § 1964(c) ("RICO"). Additionally, Baytree alleges a separate claim against Quan for violation of § 1962(b) and § 1964(c). Baytree seeks damages and injunctive relief, including the appointment of a receiver to oversee Broadcaster's operations.

On August 29, 2008, defendants Garroni, Brazell, Gould, Robinson, Frostham, Pacificon, Longview, Innovative Networks, and Binary (collectively "the Venable defendants") filed, pursuant to Fed. R. Civ. P. 12(b)(6), the instant motion to dismiss plaintiff's (1) third claim for breach of fiduciary duty; (2) seventh claim seeking the appointment of a receiver; and (3) eighth, tenth, and eleventh claims alleging violations of RICO. The Venable defendants also seek to join in the motion to dismiss filed by defendants Quan, Wade, Mills, Berman, Alchemy, Alchemy F/X, Broadcaster LLC,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2822 CAS (AJWx) | Date | September 29, 2008 |
|----------|----------------------|------|--------------------|
| Title | BAYTREE CAPITAL ASSOCIATES, LLC, ETC. v. NOLAN QUAN; ET AL. | | |

Transglobal, Software People, and AMT (collectively "the Howrey defendants").[1]  The Howrey defendants also filed, pursuant to Fed. R. Civ. P. 12(b)(6), the instant motion to dismiss (1) the complaint in its entirety for failure to allege demand futility and because plaintiff is not an appropriate representative derivative plaintiff as required pursuant to Fed. R. Civ. P. 23.1; (2) plaintiff's first claim seeking damages for violation of Rule 10b-5; (3) plaintiff's second claim seeking injunctive relief for violation of Rule 10b-5; and (4) plaintiff's third claim for breach of fiduciary duty.  The Howrey defendants also seek to join in the motion to dismiss filed by the Venable defendants.[2]  Plaintiff filed its opposition to both motions to dismiss on September 11, 2008.  The Venable defendants filed their reply on September 19, 2008.  The Howrey defendants filed their reply on September 22, 2008.  After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II.    FACTS

### A.    The Parties

Broadcaster, the nominal defendant in this derivative action, is a Delaware corporation that came into being on or about June 2, 2006, following the merger of International Microcomputer Software ("IMSI") and AccessMedia, a company controlled by Baytree and several companies controlled by Quan.  Compl. ¶¶ 25, 34; Wade Decl ¶ 4.  Following this transaction, IMSI changed its name to Broadcaster.  Id. ¶ 8.  Broadcaster's securities are publicly traded on the Over the Counter Bulletin Board under the symbol "BCAS."  Compl. ¶ 25.  Broadcaster hosts a social video networking website called broadcaster.com, which allows users to communicate over the Internet through the use of webcams and videos.  Id.

---

[1]Because counsel for defendants herein respectively refer to their clients collectively as "the Venable defendants" and "the Howrey defendants," the Court will do the same.

[2]The Court grants the requests of both the Venable defendants and Howrey defendants to join in the other's motion to dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2822 CAS (AJWx) | Date | September 29, 2008 |
|---|---|---|---|
| Title | BAYTREE CAPITAL ASSOCIATES, LLC, ETC. v. NOLAN QUAN; ET AL. | | |

Broadcaster's Board of Directors ("the Board") initially consisted of five members: Paul Goodman ("Goodman"); Dr. Vincent F. Orza, Jr. ("Orza"); and defendants Wade, Miller, and Berman. Id. ¶ 62. Baytree alleges that, shortly before the filing of this action, the Board voted to remove Goodman and Orza from the Board and to install Arthur G. Camiolo ("Camiolo") and Lawrence Johnson ("Johnson") in their places. Id. Baytree alleges that Camiolo and Johnson were sponsored entirely by Quan and Wade. Id. In a letter to Wade dated February 18, 2008, Orza resigned from the Board. Wade Decl. ¶ 73; Broadcaster Def.'s Compendium of Exhibits ("Compendium"), Ex. 20.

At all relevant times, plaintiff Baytree has been a shareholder of Broadcaster. Id. ¶¶ 3-4. Baytree provided financial consulting services in connection with the merger of IMSI and AccessMedia. Wade Decl. ¶ 8; Reply in Support of Mot. for Prelim. Inj. 5. Michael Gardner ("Gardner") -- not a party to this action -- is the managing member of Baytree. Id. Gardner owns a significant number of Broadcaster's shares. Id.

For much of the relevant time period, Quan was the President and Chief Operating Officer of Broadcaster. Compl. ¶ 5. Quan has been, at all relevant times, the largest shareholder of Broadcaster. Compl. ¶ 5. Baytree alleges that Quan controls Broadcaster, LLC; Transglobal; and Software People and that these three companies respectively possess 18.8%, 10%, and 10% ownership interests in Broadcaster. Id. ¶¶ 21-23. Baytree also alleges that Quan controls AMT, which possesses a "substantial ownership interest" in Broadcaster. Id. ¶ 24. According to Baytree, Quan effectively controls Broadcaster. Id. ¶ 45.

Wade, at all relevant times, has been Chief Executive Officer of Broadcaster and Chairman of the Board. Id. ¶ 6. Wade was formerly the Chief Executive Officer of IMSI. Wade Decl. ¶ 1.

Mills, at all relevant times, has been the Chief Financial Officer of Broadcaster and a member of the Board. Compl. ¶ 7. Berman, at all relevant times, has been a member of the Board and the Chairman of the Board's Audit Committee. Id. ¶ 8.

Garroni, at all relevant times, has served as Broadcaster's shareholder representative. Id. ¶ 9. He has also served as President of Pacificon and Binary and the Chief Executive Officer of Longview. Id. Additionally, Baytree alleges that Garroni has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2822 CAS (AJWx) | Date | September 29, 2008 |
|----------|----------------------|------|--------------------|
| Title | BAYTREE CAPITAL ASSOCIATES, LLC, ETC. v. NOLAN QUAN; ET AL. | | |

a "significant interest" in Frostham.  Id.

Frostham is a Florida corporation that transacts business at the corporate address of Broadcaster and which, at one time, registered with the California Secretary of State using Garroni's home address.  Id. ¶ 14; Declaration of Brian Gardner ("Gardner Decl.") ¶ 2, Ex. W.  Baytree further alleges that Frostham has used a postal box that is also used by Pacificon.  Id.

Baytree alleges that Brazell was previously an employee of Broadcaster and is presently the Chief Executive Officer of Frostham.  Id. ¶ 10.  Baytree alleges that Gould is an employee of Broadcaster and the Vice President of Broadcaster Interactive Group, Inc. ("BIG"), which is a wholly owned subsidiary of Broadcaster.  Id. ¶ 11; Wade Decl. ¶ 26.  Additionally, Baytree alleges that Robinson is an employee of Broadcaster and President of BIG.  Compl. ¶ 12.

## B.     Baytree's Allegations

According to Baytree, Broadcaster promoted its social video networking website, broadcaster.com, which it claimed would generate revenue by displaying advertisements. Id. ¶ 38.  Baytree alleges that Broadcaster reported in public filings with the Securities and Exchange Commission ("SEC") that during the fiscal year ended June 30, 2007, it had spent approximately $6,288,000 on Internet advertising to encourage consumers to visit broadcaster.com.  Id.  Baytree alleges that Broadcaster claimed to have paid an additional $9 million to Frostham and Longview so that they would steer Internet "traffic" to broadcaster.com.  Id. ¶¶ 38, 40.

Baytree alleges that, in reality, these payments were not used to promote broadcaster.com, but instead were disguised payments to defendants made as part of a scheme -- orchestrated by Quan and directors Wade, Mills, and Berman -- to loot Broadcaster's assets.  Id. ¶¶ 39-40.  Baytree alleges that Frostham and Longview were complicit in the scheme to drain Broadcaster's assets, and notwithstanding Broadcaster's payment of millions of dollars to these companies, they performed no valuable services for Broadcaster.  Id. ¶¶ 40, 46-52.  Baytree alleges that Frostham and Longview are closely tied to Broadcaster and to Quan.  Id. ¶¶ 46-47, 49-52.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2822 CAS (AJWx) | Date | September 29, 2008 |
|---|---|---|---|
| Title | BAYTREE CAPITAL ASSOCIATES, LLC, ETC. v. NOLAN QUAN; ET AL. | | |

Baytree further alleges that Alchemy Communications, which is controlled by Quan, with the assistance of and at the direction of other defendants, used malicious software to infiltrate and alter users' computers, thereby causing these computers to automatically visit broadcaster.com. Id. ¶ 40; Gardner Decl. ¶ 2, Ex. N [Broadcaster's Form 10-Q for the period ending March 31, 2008] at 18, 19. Baytree alleges that Broadcaster registered each of these involuntary visits as a "hit" or a "unique visitor" to broadcaster.com in order to create the false impression that a consumer had intentionally visited the website. Id. According to Baytree, Broadcaster issued press releases in which it falsely claimed, on the basis of these "hits" or "unique visitors," that broadcaster.com had become a popular website. Id. ¶ 42.

Baytree also alleges that Quan's compensation was linked to this scheme to fraudulently promote broadcaster.com. Baytree alleges that Quan's compensation agreement with Broadcaster provided that he would earn millions of additional shares of Broadcaster's common stock ("earn out shares") if the company met certain revenue and earnings targets. Id. ¶ 43. Baytree alleges that on January 4, 2007, Wade, Mills, and Berman -- at Quan's behest -- altered the manner in which Quan's compensation is calculated by equating each "unique visitor" with one dollar of earnings. Id. Thus, Baytree alleges, as a consequence of the scheme to create false "hits" with respect to broadcaster.com, Quan was able to realize his earn out shares, which enabled him to increase his control of Broadcaster. Id. ¶¶ 43, 45.

Baytree alleges that other companies were involved in the alleged scheme to deplete Broadcaster's assets. According to Baytree, during fiscal year 2007, Broadcaster fraudulently paid $1,837,000 to Pacificon, as well as large sums of money to Binary, for fake credit card processing fees. Id. ¶¶ 53-54. Baytree alleges that these companies are linked to Broadcaster through Garroni, who was the shareholder representative and employee of Broadcaster at the same time that he was an officer of Binary and Pacificon. Id. ¶¶ 53-54. Baytree further alleges that Broadcaster never disclosed to the public or to its auditors its related party transactions with Frostham, Longview, Pacificon, or Binary. Id. ¶ 55.

Baytree also alleges that Broadcaster made fraudulent payments in the amount of almost $2 million to Alchemy Communications, as well as other fraudulent payments to Alchemy F/X and Broadcaster, LLC, companies that are, according to Baytree, at least

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2822 CAS (AJWx) | Date | September 29, 2008 |
|---|---|---|---|
| Title | BAYTREE CAPITAL ASSOCIATES, LLC, ETC. v. NOLAN QUAN; ET AL. | | |

partly controlled by Quan.  Id. ¶¶ 56.  Broadcaster allegedly made further fraudulent payments to Quan, Robinson, and Gould.  Id.

## III.   LEGAL STANDARD

### A.     Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations.  Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998).  A court may, however, consider exhibits submitted with or alleged in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2822 CAS (AJWx) | Date | September 29, 2008 |
|---|---|---|---|
| Title | BAYTREE CAPITAL ASSOCIATES, LLC, ETC. v. NOLAN QUAN; ET AL. | | |

complaint and matters that may be judicially noticed pursuant to Federal Rule of
Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999);
Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal
is proper under Rule 12(b)(6).  United States v. City of Redwood City, 640 F.2d 963, 966
(9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be
freely granted. Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the
court determines that the allegation of other facts consistent with the challenged pleading
could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture
Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th
Cir. 2000).

## B.    Fed. R. Civ. P. 9(b)

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a
claim for fraud be pled with particularity.  Federal Rule of Civil Procedure 9(b) applies
not just where a complaint specifically alleges fraud as an essential element of a claim,
but also where the claim is "grounded in fraud" or "[sounds] in fraud."  Vess v. Ciba-
Geigy Corp. U.S.A., 317 F.3d 1097, 1103-04 (9th Cir. 2003).  A claim is said to be
"grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant
engaged in fraudulent conduct and relies on solely on that conduct to prove a claim.  Id.
"In that event, . . . the pleading of that claim as a whole must satisfy the particularity
requirement of [Fed. R. Civ. P.] 9(b)."  Id.  However, where a plaintiff alleges claims
grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are
subject to heightened pleading requirements.  Id. at 1104.

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the
circumstances constituting fraud so that the defendant can prepare an adequate answer
from the allegations."  Walling v. Beverly Enterprises, 476 F.2d 393, 397 (9th Cir. 1973).
This requires that a false statement must be alleged, and that "circumstances indicating
falseness" must be set forth.  In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir.
1994).  Thus, "[a]verments of fraud must be accompanied by the who, what, when,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2822 CAS (AJWx) | Date | September 29, 2008 |
|---|---|---|---|
| Title | BAYTREE CAPITAL ASSOCIATES, LLC, ETC. v. NOLAN QUAN; ET AL. | | |

where, and how of the misconduct alleged." <u>Vess</u>, 317 F.3d at 1106 (internal quotation marks and citations omitted).  It is not sufficient to merely identify the transaction.  Rather "[t]he plaintiff must set forth what is false or misleading about a statement and why it is false." <u>Id.</u> (citations omitted).

## IV.    DISCUSSION

### A.    Venable Defendants' Motion to Dismiss

#### 1.    Breach of Fiduciary Duty

In order to plead a claim for breach of fiduciary duty, a plaintiff must show "the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach." <u>Pierce v. Lyman</u>, 1. Cal. App. 4th 1093, 1101 (1991).  An officer of a corporation that has some discretion in managing the affairs of a corporation is a fiduciary of the corporation. Cal. Jur. Corporations § 273.  However, a nominal corporate officer with no management authority is not a fiduciary of the corporation.  <u>Id.</u>  Whether a particular officer participates in the management of a corporation is a question of fact. <u>Id.</u>

The Venable defendants argue that plaintiff's breach of fiduciary duty claim should be dismissed because they never owed Broadcaster a fiduciary duty.  Specifically, the Venable defendants argue that plaintiff has not alleged that Garroni, Brazell, Robinson, and Gould owe a fiduciary duty to Broadcaster and could not make such an argument because they are only employees of Broadcaster.  Venable Mot. at 4-5.  Similarly, the Venable defendants argue that plaintiff never alleged that Frostham, Pacificon, Longview, Innovative, or Binary owed a fiduciary duty to Broadcaster.  <u>Id.</u> at 5.

Plaintiff responds that its complaint alleges that Garroni is a shareholder representative for plaintiff and other similarly situated Broadcaster shareholders and was responsible for ensuring that shareholders' rights and investments were protected by the Board.  Venable Opp'n at 14.  As such, plaintiff argues that Garroni was in a "superior position to exert unique influence over a dependent party" and owed the shareholders a fiduciary duty.  <u>Id.</u> at 14 (citing <u>Beery v. State Bar</u>, 43 Cal.3d 802 (1987)).  Plaintiff argues that its complaint properly alleges that Garroni owed the shareholders a fiduciary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2822 CAS (AJWx) | | Date | September 29, 2008 |
|---|---|---|---|---|
| Title | BAYTREE CAPITAL ASSOCIATES, LLC, ETC. v. NOLAN QUAN; ET AL. | | | |

duty and breached that duty.  Compl. ¶¶ 31-33, 80-85 ("The conduct of [defendants] complained of herein involves knowing violations of their duties as officers, directors, and fiduciaries of the Company.").

Plaintiff further argues that defendants Gould and Robinson are both employees of Broadcaster and officers of BIG, a wholly owned subsidiary of Broadcaster, and as such owed Broadcaster and its shareholders a fiduciary duty.  Venable Opp'n at 15.  Plaintiff contends that its complaint clearly alleges that defendants Gould and Robinson owed Broadcaster a fiduciary duty and breached that duty based upon their "direct involvement, participation in, or aiding and abetting, or permitting the theft and looting from Broadcaster."  Venable Opp'n at 15; Compl. ¶ 83 ("Each of the Board Defendants and other named defendants caused, authorized, ratified, participated, aided and abetted, and/or permitted the wrongful conduct complained of herein").

The Court concludes that plaintiff has failed to plead any facts showing that defendants Garroni, Gould, or Robinson owed Broadcaster a fiduciary duty given that they were employees, and not officers, of Broadcaster.  Moreover, plaintiff concedes that defendants Brazell, Frostham, Pacificon, Longview, Innovative and Binary do not owe Broadcaster a fiduciary duty.  Venable Opp'n at 13 fn. 5.  Therefore, the Court grants the Venable defendants' motion as to all of plaintiff's fiduciary duty claims against the Venable defendants.

## 2.      Appointment of Receiver

The Venable defendants argue that this Court concluded in its August 18, 2008 order that plaintiff failed to show that an injunction was necessary to prevent irreparable harm and that plaintiff's "motion for an order appointing a receiver was denied."  Venable Mot. at 5-6.  Therefore, the Venable defendants argue, plaintiff's seventh claim for the appointment of a receiver should be dismissed in its entirety.  Id.

Plaintiff responds that the Court's denial of preliminary relief seeking the appointment of a receiver does not act as a bar to the ultimate issue of appointment of a receiver.  Venable Opp'n at 16.  Plaintiff argues that the burden of proof is different at trial and that defendants offer no support in favor of their contention that the denial or preliminary relief "acts as res judicata on the ultimate issue of appointment of a receiver."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2822 CAS (AJWx) | Date | September 29, 2008 |
|---|---|---|---|
| Title | BAYTREE CAPITAL ASSOCIATES, LLC, ETC. v. NOLAN QUAN; ET AL. | | |

Id.

The Court concludes that its denial of preliminary relief seeking the appointment of a receiver does not bar plaintiff's ultimate claim for appointment of a receiver.

### 3.     RICO and "Investment Injury"

A RICO claim pursuant to 18 U.S.C. § 1962(a) requires plaintiff to allege injury arising from improper use of racketeering income separate from the injury caused by the predicate acts themselves.  Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1083 (9th Cir. 2000); Nugget Hydroeletcric, L.P. v. Pacific Gas & Elec. Co., 981 F.2d 429, 437 (9th Cir. 1992)

The Venable defendants argue that plaintiff's eighth claim under RICO should be dismissed because plaintiff has failed to allege an "investment injury" separate and distinct from the injury flowing from the alleged predicate acts.  Venable Mot. at 6.  The Venable defendants further argue that plaintiff has failed to allege that the racketeering activity was the proximate cause of its injury.  Venable Mot. at 6-7 (citing Sybersound Records, Inc. v. UAV Corporation, 517 F.3d 1137, 1149 (9th Cir. 2008)).  The Venable defendants contend that plaintiff attempts to "circumvent the standing requirement of § 1962(a)" by "[alleging] a 'reinvestment' injury caused by reason of the alleged criminal enterprise."  Venable Mot. at 7 (citing Lightening Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1188 (3d Cir. 1993)).

Plaintiff responds that it has sufficiently alleged proximate causation in the form of investment injury, "including that the Plaintiff's harm was caused by Defendants' use and investment of the proceeds of the pattern of racketeering activity."  Venable Opp'n at 17; Compl. ¶¶ 100-101.  Plaintiff argues that the enterprise is "not the company, Broadcaster Inc., but rather the network of individuals and companies associated with Quan and his associates."  Venable Opp'n at 17.  Plaintiff specifically argues that Broadcaster was

separately harmed by the use of the proceeds in the following ways: (I) the proceeds were invested by the members of the enterprise through 'purchasing traffic,' which caused the company to unjustifiably issue Earn Out shares to Quan and gave the Defendants control of the Company, (ii) the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2822 CAS (AJWx) | Date | September 29, 2008 |
|----------|------------------------|------|---------------------|
| Title | BAYTREE CAPITAL ASSOCIATES, LLC, ETC. v. NOLAN QUAN; ET AL. | | |

proceeds were used by the members of the enterprise to invest in other unrelated entities which offered no service or benefit to the Company, and (iii) the proceeds were used to artificially inflate the Company's popularity, deceiving investors, shareholders, and the public, thereby financially damaging the Company through loss of reputation and good will.

Venable Opp'n at 18.  Plaintiff therefore argues that the investment and use of racketeering proceeds caused damage beyond that which was inflicted on the Company through the original racketeering activity.  Id.

The Court concludes that plaintiff has failed to allege any separate "investment injury."  In its complaint, plaintiff alleges that the "predicate acts" for its RICO claims include "paying funds...to provide 'traffic,'" and reaching "the benchmarks set for the 'Earn Out Shares.'"  Compl. ¶ 101.  All of the harm plaintiff alleges arises from conduct that constitutes predicate acts for its RICO claims.  Therefore, the Court grants the Venable defendants' motion to dismiss plaintiff's RICO claim pursuant to 18 U.S.C. § 1962(a)

### 4.    RICO and Particularized Pleading

The Venable defendants argue that plaintiff alleges predicate acts for money laundering, fraud in the sale of securities, mail fraud, and wire fraud, but does so without the requisite particularity required by Fed R. Civ. P. 9(b) and RICO.  Venable Mot. at 7 (citing Swartz v. KPMG LLP, 476 F.3d 756, 764-65 (9th Cir. 2007); Concha v. London, 62 F.3d 1493, 1502-03 (9th Cir. 1995)).  The Venable defendants contend that plaintiff's complaint fails to state with particularity the role of each defendant in the alleged fraudulent scheme and "[i]nstead, the defendants are clumped together in vague allegations, which is exactly what Rule 9(b) was designed to protect against."  Venable Mot. at 9-10.

Plaintiff argues that it has alleged fraud with sufficient particularity by describing the theft and looting scheme and providing the dates that various fraudulent statements were made to the public through SEC filings and press releases.  Id. at 19 (citing Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc. 806 F.2d 1393, 1401 (9th Cir. 1986) ("We have interpreted Rule 9(b) to mean that the pleader must state the time, place,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2822 CAS (AJWx) | Date | September 29, 2008 |
|---|---|---|---|
| Title | BAYTREE CAPITAL ASSOCIATES, LLC, ETC. v. NOLAN QUAN; ET AL. | | |

and specific content of the false representations as well as the identities of the parties to the misrepresentation")).  Plaintiff further argues that it is not required to detail which aspects of the fraud each defendant was involved in. Id. (citing Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) ("allegations of fraud must be enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.")).

The Court concludes that plaintiff has not alleged RICO violations with sufficient particularity.  Plaintiff has failed to allege the misconduct and basis of liability of each individual defendant.  Hokama v. E.F. Hutton & Co., Inc., 566 F. Supp. 636, 646 (C.D. Cal.  1983) ("although the complaint specifies the general relationships among the defendants with respect to the overall [enterprise], it contains no specific allegations regarding the roles of the various defendants in the preparation and dissemination of the fraudulent representations").  Plaintiff has failed to allege that each defendant knew or should have known of the alleged wrongful conduct and otherwise failed to put each defendant on notice of the particular misconduct at issue.  Bly-Magee, 236 F.3d at 1019.

**5.      RICO and Conspiracy**

The Venable defendants argue that plaintiff's claim under 18 U.S.C. § 1962(d) for conspiracy to violate § 1962(a), (b), or (c) should be also be dismissed because plaintiff has failed to allege the requisite substantive elements of a RICO claim.  Venable Mot. at 10 (citing Howard v. America Online, Inc. 208 F.3d 741, 751 (9th Cir. 2000)).  Plaintiff responds that it has set forth all of the substantive elements of the alleged RICO violation and therefore can maintain a claim for conspiracy pursuant to § 1962(d).

The Court concludes, as outlined supra, that defendants have failed to properly allege the substantive elements of a RICO and therefore have not properly alleged a RICO conspiracy pursuant to 18 U.S.C. § 1962(d). The Court therefore grants the Venable defendants' motion as to all of plaintiff's RICO claims.  The plaintiff is directed to file a RICO case statement, attached as exhibit A.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2822 CAS (AJWx) | Date | September 29, 2008 |
|---|---|---|---|
| Title | BAYTREE CAPITAL ASSOCIATES, LLC, ETC. v. NOLAN QUAN; ET AL. | | |

**B.      Howrey Defendants' Motion to Dismiss**

**1.      Section 10(b) Claims**

Notwithstanding the relatively liberal pleading standards in federal courts, federal securities fraud suits are subject to the demanding pleading requirements of the Private Securities Litigation Reform Act ("PSLRA"). Enacted by Congress in 1995 to provide "protections to discourage frivolous [securities] litigation," H.R. Conf. Rep. No. 104-369, 104th Cong., 1st Sess. at 32 (Nov. 28, 1995), the PSLRA strengthened the already-heightened pleading requirements of Fed. R. Civ. P. 9(b) applicable to fraud-based claims. Under the PSLRA, private actions based on allegations of material misstatements or omissions must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1). In addition, the PSLRA imposes strict requirements for pleading scienter in actions brought pursuant to Section 10(b) and Rule 10b-5, requiring that the complaint "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2).

The Ninth Circuit, in interpreting the PSLRA, has held that "a private securities plaintiff proceeding under the [PSLRA] must plead, in great detail, facts that constitute strong circumstantial evidence of deliberately reckless or conscious misconduct." In re Silicon Graphics Inc., 183 F.3d 970, 974 (9th Cir. 1999). In determining whether a plaintiff has sufficiently pled scienter, a court must consider "whether the total of plaintiffs' allegations, even though individually lacking, are sufficient to create a strong inference that defendants acted with deliberate or conscious recklessness." Nursing Home Pension Fund, Local 144 v. Oracle Corp., 380 F.3d 1226, 1230 (9th Cir. 2004) (quoting No. 84 Employer-Teamster Joint Council Pension Trust Fund v. Am. W. Holding Corp., 320 F.3d 920, 938 (9th Cir. 2003)).

Moreover, "[t]o determine whether the plaintiff has alleged facts that give rise to the requisite 'strong inference' of scienter, a court must consider plausible nonculpable explanations for the defendant's conduct, as well as inferences favoring the plaintiff." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S.Ct. 2499, 2510 (2007). While the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2822 CAS (AJWx) | Date | September 29, 2008 |
|---|---|---|---|
| Title | BAYTREE CAPITAL ASSOCIATES, LLC, ETC. v. NOLAN QUAN; ET AL. | | |

inference of scienter need not be irrefutable, it "must be more than merely 'reasonable' or 'permissible' -- it must be cogent and compelling, thus strong in light of other explanations." Id.  In other words, "[a] complaint will survive . . . only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged."  Id.

    The Howrey defendants argue that plaintiff's Section 10(b) claims should be dismissed because plaintiff has failed to sufficiently plead fraud with particularity under the heightened pleading standard of Fed. R. Civ. P. 9(b) and the PSLRA. Howrey Mot. at 3.  The Howrey defendants argue that plaintiff's complaint alleges misrepresentations of Broadcaster's financial success, but does not allege who made the misrepresentations, what the misrepresentations where, and to whom the misrepresentations were directed. Id. at 4.  Plaintiff alleges that the defendants' "Unique Visitor Scheme" created "the false impression that a consumer had visited the site."  Compl. ¶¶ 40-42.  The Howrey defendants argue that plaintiff has not explained "how the number of 'unique hits' was false given that the customers did visit the site despite not having 'desired to.'" Howrey Mot. at 4. The Howrey defendants contend that plaintiff has not identified "with precision" each alleged misleading statement that caused Broadcaster to issue earn out shares to defendant Quan and that manipulated the price of Broadcaster's securities. Venable Mot. at 5; Compl. ¶¶ 65, 73.  The Howrey defendants argue that plaintiff's allegation that "defendants fraudulently misrepresented, to the Company, Quan's entitlement to shares," does not identify with specificity what was said or to whom those misrepresentations were made.  Venable Mot. at 5; Compl. ¶ 66.  Similarly, the Howrey defendants argue that plaintiff's allegation that defendants "engaged and participated in a continuous course of conduct to conceal adverse material information about the business and its operations ... to manipulate the price of its securities" is insufficient because it does not attribute a statement to any defendant.  Venable Mot. at 5; Compl. ¶ 75.

    The Howrey defendants further contend that Baytree's Section 10(b) claims should be dismissed because they "have not been stated with particularity with respect to each individual defendant."  Howrey Mot. at 7 (citing Vess, 317 F.3d at 1106); Howrey Reply at 5-6 (citing Hokama., 566 F. Supp. at 646 (requiring plaintiffs to "identify the source of the fraud and distinguish among the defendants with respect to their roles in it.")).  The Howrey defendants contend that of the 10 Howrey defendants, only Quan and Alchemy are alleged by name to have taken "any individual action purportedly in violation of Rule

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2822 CAS (AJWx) | Date | September 29, 2008 |
|---|---|---|---|
| Title | BAYTREE CAPITAL ASSOCIATES, LLC, ETC. v. NOLAN QUAN; ET AL. | | |

10b-5" and those allegations are insufficient to show fraud  Id. (citing Compl. ¶ 29
("Quan fraudulently obtained an additional seven million shares" and "has installed two
new interested and non-independent board members"); Compl. ¶ 40 ("Alchemy
reprogrammed and/or reutilized the Malware ... to cause a large number of computers to
involuntarily visit the broadcaster.com site." ).  The Howrey defendants further contend
that as to the remaining eight Howrey defendants, plaintiff's complaint should be
dismissed because "without any specification as any individual act or wrongdoing,
defendants are not given notice of the particular misconduct charged." Howrey Mot. at 7
(citing Gabor v. County of Santa Clara Bd. of Supervisors, No. C-07-04226, 2008 WL
902407, at *4 (Mar. 31, 2008)).

Plaintiff responds that the complaint clearly alleges that the defendants used
"Malware and the purchased forced internet traffic in order to reach the bench marks set
for the issuance of the Earn Out Shares."  Howrey Opp'n at 10.  Plaintiff argues that the
number of unique hits were false because people were forced to visit the website and the
unique hits did not measure consumer interest, as defendants represented that they did.
Howrey Opp'n at 10-11; Compl. ¶¶ 66, 101.  Plaintiff therefore argues that defendants
were spending company funds to artificially and fraudulently create the "appearance of a
viable and exceedingly successful business."  Howrey Opp'n at 11.  Plaintiff further
argues that evidence of defendants' false statements regarding interest in the website can
be found in various press releases and SEC filings noted in the Complaint.  Howrey
Opp'n at 11; Compl. ¶¶ 101, 108, 115.  Plaintiff contends that the complaint clearly
alleges that defendants claim they paid $6.2 million for advertising on third party
websites when these funds were actually paid for forced hits or to shell companies that
did not perform any services.  Howrey Opp'n at 11-12; Compl. ¶¶ 38-39.  Plaintiff argues
that these facts are sufficient to put defendants on notice of the particular misconduct
which is alleged to constitute fraud and that it is not required to allege fraud with
particularity as to each individual defendant.  Opp'n at 14 (citing Bly-Magee, 236 F. 3d at
1019; Schreiber Distributing, 806 F. 2d at 1401.).

The Howrey defendants further argue that plaintiff has not sufficiently pled facts
showing scienter under the PSLRA.  Howrey Mot. at 5-6.  Specifically, the Howrey
defendants argue that plaintiff's allegations that "Quan, the Board Defendants and other
employees had knowledge that the unique visitor results were false" and that
"[d]efendants had actual knowledge of the misrepresentations and omissions of material

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2822 CAS (AJWx) | Date | September 29, 2008 |
|---|---|---|---|
| Title | BAYTREE CAPITAL ASSOCIATES, LLC, ETC. v. NOLAN QUAN; ET AL. | | |

facts set forth herein and/or acted with reckless disregard for the truth" do not support a
strong inference of scienter against any defendant.  Howrey Mot. at 6 (citing Compl. ¶¶
42, 69, 75).  The Howrey defendants further argue that there are several plausible non-
culpable explanations for their conduct. Id. at 6.  The Howrey defendants contend that
pop-up screens are a legitimate form of advertising and that "unique visitors" is an
"accurate measure of the number of visits the website receives and any reliance upon the
figure is not misplaced." Howrey Mot. at 6-7.

Plaintiff responds that the complaint clearly demonstrates scienter because it
alleges that defendants fraudulently inflated interest in Broadcaster.com and thereafter
made statements to the company, the public, and the SEC that there was genuine interest
in the website. Howrey Opp'n at 13; Compl. ¶¶ 34-44.  Plaintiff argues that it pled that
defendants knew at all times that their statements were false.  Id.; Compl. ¶ 42.

The Howrey defendants further argue that the complaint ignores the requirement of
Section 10(b) that misrepresentation be made in connection with the purchase or sale of a
security.  Howrey Reply at 3.  The Howrey defendants contend that only sale referred to
in the complaint was the issuance of the earn out shares.  Id.  The Howrey defendants
argue that "the alleged misrepresentations have to have been made in connection with
that sale, and those alleged misrepresentations have to have defrauded Broadcaster as the
seller - not other shareholders." Id.

The Court concludes that plaintiff has failed to allege its Section 10(b) claims with
the particularity required by the PSLRA.  Plaintiff has failed to allege with precision each
of the alleged misrepresentations and the facts on which those allegations are based. E.g.,
Compl. ¶ 66 ("defendants fraudulently misrepresented, to the Company, Quan's
entitlement to shares").  Furthermore, plaintiff's have failed to allege that each individual
defendant either participated in the wrongful conduct or knew of the wrongful conduct.
Therefore, taking into consideration all inferences favoring the plaintiff, the Court cannot
conclude that plaintiffs plead its Section 10(b) claims with requisite particularity.
Tellabs, 127 S.Ct. at 2510.

**2.     Plaintiff's Capacity to Represent Broadcaster's Shareholders**

Federal Rule of Civil Procedure 23.1 states that a "derivative action may not be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2822 CAS (AJWx) | Date | September 29, 2008 |
|---|---|---|---|
| Title | BAYTREE CAPITAL ASSOCIATES, LLC, ETC. v. NOLAN QUAN; ET AL. | | |

maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association." Fed. R. Civ. P. 23.1. To represent fellow shareholders, a plaintiff "must have the capacity to vigorously and conscientiously prosecute a derivative suit and be free from economic interests that are antagonistic to the interests of the class." Larson v. Dumke, 900 F.2d 1363, 1367 (9th Cir. 1990). In determining whether a shareholder representative is adequate, courts should consider the following factors

> (1) indications that the plaintiff is not the true party in interest; (2) the plaintiff's unfamiliarity with the litigation and unwillingness to learn about the suit; (3) the degree of control exercised by the attorneys over the litigation; (4) the degree of support received by the plaintiff from other shareholders; (5) the lack of any personal commitment to the action on the part of the representative plaintiff, (6) the remedy sought by plaintiff in the derivative action; (7) the relative magnitude of plaintiff's personal interests as compared to his interest in the derivative action itself; and (8) plaintiff's vindictiveness toward the defendants.

Id. "These factors are 'intertwined or interrelated, and it is frequently a combination of factors which leads a court to conclude that the plaintiff does not fulfill the requirements of 23.1.'" Id. (internal citations omitted).

The Howrey defendants argue that plaintiff cannot fair and adequately represent the interests of Broadcaster's shareholders because "(1) its interests are contrary to the interests of other Broadcaster shareholders and (2) it was an active participant in the alleged wrongdoing." Howrey Mot. at 8.

The Howrey defendants contend that plaintiff's interests in bringing this action are antagonistic to the interests of other Broadcaster shareholders. Howrey Mot. at 8 (citing Banks v. Whyte, No. 94-CV-0711, 1994 U.S. Dist. LEXIS 11063, at *7-8 (E.D. Pa. Aug 9, 1994); Pacemaker Plastics Co. v. AFM Corp., 139 F. Supp. 2d. 851 (N.D. Ohio 2001) The Howrey defendants argue that this suit is a "thinly disguised attempt by plaintiff and its sole managing member, Michael Gardner, to regain control of the Company that he lost." Howrey Mot. at 9. The Howrey defendants further argue that this is contrary to the interests of Broadcaster's shareholders, particularly the defendants who own more than

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2822 CAS (AJWx) | Date | September 29, 2008 |
|---|---|---|---|
| Title | BAYTREE CAPITAL ASSOCIATES, LLC, ETC. v. NOLAN QUAN; ET AL. | | |

5% of Broadcaster's stock: Software People, AMT, and Quan, who owns nearly a majority of Broadcaster's shares.  Howrey Mot. at 9.

Plaintiff responds that any benefit it derives from this lawsuit will arise out of a benefit to the corporation and all of its shareholders.  Howrey Opp'n at 16.  Plaintiff contends that Broadcaster stands to benefit from the return of its funds and shares that were misappropriated.  Howrey Opp'n at 17.  Plaintiff further contends that it has not been opposed in this lawsuit by any shareholders other than defendants.  Id.

The Howrey defendants further contend that plaintiff is not an adequate shareholder representative because it participated in the events at issue in the suit. Howrey Mot. at 10 (citing Recchion v. Kirby, 637 F. Supp. 1309, 1315-16 (W.D. Pa. 1986); George v. LeBlanc, 78 F.R.D. 281 (N.D. Tex. 1977); Goldboss v. Reimann, 55 F. Supp. 811, 820 (S.D.N.Y. 1943)).  The Howrey defendants argue that plaintiff and its sole managing member, Gardner, also received earn out shares as a result of the "unique visitors" scheme and therefore participated in the alleged wrongdoing.  Howrey Mot. at 10-11.

Plaintiff responds that the Howrey defendants mischaracterize the alleged wrongdoing.  Howrey Opp'n at 16.  The allegations of wrongdoing, plaintiff contends, is not "the issuance of the shares in any instance," but "the amendment to the procedures for the shares issuance as a means to fraudulently [obtain] the shares, as well as the specific methods employed by Defendants in order to reach those benchmarks."  Howrey Opp'n at 16.  Plaintiff acknowledges that it received earn out shares, but argues that it has not participated in any of the alleged wrongdoing.  Howrey Opp'n at 18.  Plaintiff contends that its intention has always been to return all of the earn out shares to the company, including those that it received.  Id.  Plaintiff further contends that return of the earn out shares will have no beneficial effect on Plaintiff's voting interest or ownership share. Howrey Opp'n at 19.

The Howrey defendants further argue that, given Broadcaster's claim for rescission and counterclaim filed August 19, 2008, plaintiff can no longer bring an action on behalf of Broadcaster.  Howrey Reply at 7.

The Court concludes that plaintiff is an adequate shareholder representative.  The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2822 CAS (AJWx) | Date | September 29, 2008 |
|---|---|---|---|
| Title | BAYTREE CAPITAL ASSOCIATES, LLC, ETC. v. NOLAN QUAN; ET AL. | | |

fact that plaintiff received earn out shares does not make it a participant in the alleged
wrongdoing; the wrongdoing alleged is the scheme that led to the issuance of the earn out
shares and the Howrey defendants do not argue that plaintiff participated in that scheme.
Similarly, the Court concludes that plaintiff's interests are not contrary to the interests of
other Broadcaster shareholders .  Plaintiff is a true party in interest and has shown
familiarity with, and personal commitment to, the litigation.  Furthermore, the Court finds
that the company's interest in the litigation is not outweighed by plaintiff's personal
interest.

### 3.    Demand Futility

The Howrey defendants contend that the issue of demand futility in this case is
governed by Delaware law because Fed. R. Civ. 23.1 is procedural and the internal affairs
doctrine requires that the law of the state of incorporation govern a derivative suit.
Howrey Mot. at 11 (citing Cal. Corp. Code § 2116; Batchelder v. Kawamoto, 147 F.3d
915, 920 (9th Cir. 1998)).  Plaintiff responds that Delaware law is inapplicable because
the claims asserted in this action are "based on federal law."   Howrey Opp'n at 20.

The Court concludes that Delaware law applies to the issue of demand futility
based on the internal affairs doctrine.  Batchelder, 147 F.3d at 920.  Under Delaware law,
the test for demand futility has two prongs.  Brehm v. Eisner, 746 A.2d 244, 256 (Del.
2000). The first prong is "whether, under the particularized facts alleged, a reasonable
doubt is created that ... the directors are disinterested and independent" and the second
prong is "whether the pleading creates a reasonable doubt that the challenged transaction
was otherwise the product of a valid exercise of business judgment." Id. (internal
quotations and citations omitted). If either of these prongs is satisfied, demand is excused.
Id.  This analysis applies to members of the board of directors at the time the complaint
was filed, not at the time the challenged actions occurred.  Rales v. Blasband, 634 A.2d
927, 934 fn. 8 (Del. 1993). To create a reasonable doubt as to the directors disinterest and
independence, plaintiff's allegations must show that the board was "incapable, due to
personal interest or domination and control, of objectively evaluating a demand" Id. at
257.  To overcome the protection of the business judgment rule, a plaintiff must allege
facts that amount to gross negligence, misconduct, or abuse of discretion.  Aronson, 473
A.2d 805, 812 fn. 6 (Del. 1984) (overruled on other grounds).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2822 CAS (AJWx) | | Date | September 29, 2008 |
|---|---|---|---|---|
| Title | BAYTREE CAPITAL ASSOCIATES, LLC, ETC. v. NOLAN QUAN; ET AL. | | | |

     The Howrey defendants argue that plaintiff failed to make a pre-suit demand on Broadcaster's board of directors or allege with factual particularity why demand is excused.  Howrey Mot. at 11; Fed. R. Civ. P. 23.1(b)(3);  The Howrey defendants contend that the fact that Mills, Wade, and Berman were defendants in this action is not sufficient to show that they were interested.  Howrey Mot. at 14; <u>Aronson</u>, 473 A.2d at 815-17. The Howrey defendants further contend that plaintiff's allegations that all of the board members participated in the alleged wrongdoing is insufficient to establish demand futility because plaintiff fails to allege "what any director did to participate in the wrongdoings."  Howrey Mot. at 15.  The Howrey defendants also contend that board members Camiolo and Johnson were not directors at the time the alleged wrongdoing took place.  <u>Id.</u>  The Howrey defendants further contend that plaintiff acknowledges that board members Goodman and Orza were disinterested and that board member Mills was not a director at the time the Merger Agreement was amended or when the earn out shares were authorized.  <u>Id.</u>; Compl. ¶ 62; Burdge Decl., Ex. A at p. 16, 48-49.  The Howrey defendants also argue that plaintiff has failed to show that any of the defendants benefitted from the alleged wrongdoing.  Howrey Mot. at 15-16.

     Plaintiff responds that, at a minimum, three of the six board members, Wade, Mills, and Berman, were interested in the outcome of the litigation at the time it was filed, not because they were named defendants, but because they were alleged to have received financial benefit from the scheme.  Howrey Opp'n at 20.  Plaintiff argues that it alleged that all of the board members, excluding Goodman, were under the control of Quan.  <u>Id.</u>  Therefore, plaintiff contends, defendants can claim "at absolute most ... a three to three tie of interested to disinterested Board members" and in such a scenario, demand is futile. Howrey Opp'n at 23; <u>Brehm</u>, 746 A.2d at 257 ("the issues of disinterestedness and independence involved in the first prong of <u>Aronson</u> are whether a <u>majority</u> of the New Board ... was disinterested and independent") (emphasis added).  Plaintiff further contends that the current board of directors consists of three directors accused of participating in the wrongdoing, Wade, Mills, and Berman, and two directors nominated by Wade and Quan, Camiolo and Johnson.  <u>Id.</u>  Therefore, plaintiff argues, if its action is dismissed and it is forced to re-file, demand would be futile.  <u>Id.</u>

     However, the Howrey defendants argue that the complaint alleges that Broadcaster's board had seven members - Wade, Mills, Berman, Camiolo, Johnson, Goodman and Orza - and therefore, even assuming that Wade, Mills, and Berman were

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2822 CAS (AJWx) | | Date | September 29, 2008 |
|---|---|---|---|---|
| Title | BAYTREE CAPITAL ASSOCIATES, LLC, ETC. v. NOLAN QUAN; ET AL. | | | |

conflicted, plaintiff has not sustained its burden of showing that demand would have been futile. Howrey Reply at 8; Compl. ¶ 62.

The Howrey defendants further argue that plaintiff's allegations that Quan controlled the board and sponsored the new board members are insufficient to show that the directors lacked independence. Howrey Mot. at 14 (citing <u>Aronson</u>, 473 A.2d at 816 ("It is the care, attention, and sense of individual responsibility to the performance of one's duties, not the method of election, that generally touches on independence")). The Howrey defendants argue that no facts are alleged showing Quan's control of the Board. Howrey Mot. at 15; Howrey Reply at 8.

Plaintiff responds that Quan's control over the board of directors, as well as the other named individual and corporate defendants, is "clear from the incestuous relationship between these parties and Quan's control of the Quan Group or 'his children' as stated by Wade at deposition." <u>Id.</u> at 23-24.

The Howrey defendants further contend that plaintiff failed to allege particularized facts demonstrating that the board's decision is not presumptively valid under the business judgement rule. Howrey Mot. at 16 (citing <u>Brehm</u>, 746 A.2d at 258; Compl. ¶¶ 62(c)-(g)). The Howrey defendants argue that plaintiff has not shown that the board that approved the merger amendment and the issuance of the earn out shares were interested or failed to use due care in reaching these decisions. Howrey Mot. at 17 ("These statements are just bootstrapping, essentially arguing that because [Plaintiff] has alleged a wrong and the Board approved it, it was not a valid business judgment").

Plaintiff responds that defendants mischaracterize the challenged transaction as approval of the earn out shares provision in the merger agreement between Broadcaster's shareholders and AMT shareholders. <u>Id.</u> at 24. Plaintiff argues that it is not challenging the Earn Out shares, but rather the "fraudulent theft and looting scheme." <u>Id.</u> at 24-25.

The Court concludes that plaintiff has failed to allege with particularity why demand is excused. Plaintiff has properly alleged that Wade, Mills, and Berman are interested because plaintiff alleged that they participated in the wrongdoing. However, plaintiff has failed to allege particularized facts showing that the directors were "beholden" to Quan. <u>Beam ex rel. Martha Stewart Living Omnimedia, Inc. v. Stewart,</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2822 CAS (AJWx) | Date | September 29, 2008 |
|---|---|---|---|
| Title | BAYTREE CAPITAL ASSOCIATES, LLC, ETC. v. NOLAN QUAN; ET AL. | | |

845 A.2d 1040, 1050 (Del. 2004).  Therefore, plaintiff has only properly alleged that
three of the seven members of the board at the time the complaint was filed were
interested and demand is not excused.  Compl. ¶ 62 ("[T]he Board currently consists of
seven (7) members").  Accordingly, the Court grants the Howrey defendants' motion to
dismiss all of plaintiff's claims.

### 4.      Breach of Fiduciary Duty

The Howrey defendants argue that plaintiff's third claim for breach of fiduciary
duty should be dismissed because, aside from defendants Mills, Wade, and Berman,
plaintiff has not set forth any facts demonstrating why Quan, Alchemy, Alchemy F/X,
Broadcaster, Transglobal Media, Software People, or AMT owe Broadcaster any
fiduciary duty.  Howrey Mot. at 18.

Plaintiff responds that the complaint alleges that Quan owed Broadcaster a
fiduciary duty and that he breached that duty by virtue of the conduct alleged therein.
Howrey Opp'n at 25; Complaint ¶ 81.  Therefore, plaintiff argues that its third claim
should not be dismissed as to defendants Quan, Wade, Mills, and Berman.  Howrey
Opp'n at 25.  Plaintiff further notes that it "indicated to counsel for the Howrey
Defendants that it would discontinue its claims for breach fo fiduciary duties as to
defendants Broadcaster, LLC, Transglobal Media, Software People, AMT, Alchemy F/X,
and Alchemy.  Id. fn. 9.

The Court concludes that the plaintiff's breach of fiduciary duty claim as to
defendants Broadcaster, LLC, Transglobal Media, Software People, AMT, Alchemy F/X,
and Alchemy should be dismissed.  The Court declines to dismiss plaintiff's breach of
fiduciary duty claim against Quan because Quan, as president and chief operating officer
of Broadcaster, owed Broadcaster a fiduciary duty and plaintiff's complaint alleges that
he breached that duty.  Compl. ¶¶ 5, 81.

## V.      CONCLUSION

In accordance with the foregoing, the Court GRANTS the Venable defendants'
motion to dismiss without prejudice as to (1) plaintiff's third claim for breach of fiduciary
duty; and (2) plaintiff's eighth, tenth, and eleventh claims alleging violations of RICO.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2822 CAS (AJWx) | Date | September 29, 2008 |
|----------|------------------------|------|---------------------|
| Title | BAYTREE CAPITAL ASSOCIATES, LLC, ETC. v. NOLAN QUAN; ET AL. | | |

The Court DENIES the Venable defendants' motion as to plaintiff's seventh claim for appointment of a receiver.

    The Court further GRANTS the Howrey defendants' motion to dismiss without prejudice as to (1) plaintiff's complaint in its entirety for failure to allege demand futility; (2) plaintiff's first and second claims seeking relief under Section 10(b); and (3) plaintiff's third claim for breach of fiduciary duty as to defendants Broadcaster, LLC, Transglobal Media, Software People, AMT, Alchemy F/X, and Alchemy.  The Court DENIES the Howrey defendants' motion as to (1) plaintiff's complaint in its entirety because plaintiff is not an appropriate representative derivative plaintiff; and (2) plaintiff's breach of fiduciary duty claim as to defendant Quan.  Plaintiff shall have twenty (20) days to file a first amended complaint.

    IT IS SO ORDERED.

|  | 00 | : | 19 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

# Exhibit A

Plaintiff shall file, within twenty (20) days hereof, a RICO case statement.  If plaintiff does not file and serve a RICO case statement within twenty (20) days hereof, this will be deemed plaintiff's withdrawal of the RICO claim.  If plaintiff files a RICO case statemetrnt within twenty days, the complaint will be deemed amended to include the RICO case statement.

The RICO case statement shall include the facts plaintiff is relying upon to initiate this RICO claim as a result of the "reasonable inquiry" required by Rule 11 of the Federal Rules of Civil Procedure.  In particular, this statement shall be in a form which uses the numbers and letters as set forth below, and shall state in detail and with specificity the following information.

1.   State whether the alleged unlawful conduct is in violation of 18 U.S.C. § 1962(a), (b), (c), and/or (d).

2.   List each defendant and state the alleged misconduct and basis of liability of each.

3.   List the alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.

4.   List the alleged victims and state how each victim was allegedly injured.

5.   Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim.  A description of the pattern of racketeering shall include the following information:

   a.   List the alleged predicate acts and the specific statutes which were allegedly violated;

   b.   Provide the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts;

   c.   If the RICO claim is based on the predicate offense of fraud, the "circumstances constituting fraud . . . shall be stated with particularity."  Fed. R. Civ. P. 9(b).  Identify the time, place and contents of the alleged misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations were made;

   d.   State whether there has been a criminal conviction for violation of the predicate acts;

     e.     State whether civil litigation has resulted in a judgment with respect to the predicate acts;

     f.     Describe how the predicate acts form a "pattern of racketeering activity"; and

     g.     State whether the alleged predicate acts relate to each other as part of a common plan.  If so, describe in detail.

6.     Describe in detail the alleged enterprise for the RICO claim.  A description of the enterprise shall include the following information:

     a.     State the names of the individuals, partnerships, corporations, associations, or other legal entities, which allegedly constitute the enterprise;

     b.     Describe the structure, purpose, function and course of conduct of the enterprise;

     c.     State whether any defendants are employees, officers or directors of the alleged enterprise;

     d.     State whether any defendants are associated with the alleged enterprise;

     e.     State whether you are alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise; and

     f.     If any defendants are alleged to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

7.     State and describe in detail whether you are alleging that the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

8.     Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity.  Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

9.     Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.

10.     Describe the effect of the activities of the enterprise on interstate or foreign commerce.

11.    If the claim alleges a violation of 18 U.S.C. § 1962(a), provide the following information:

      a.    State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and

      b.    Describe the use or investment of such income.

12.    If the claim alleges a violation of 18 U.S.C. § 1962(b), describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise.

13.    If the claim alleges a violation of 18 U.S.C. § 1962(c), provide the following information:

      a.    State who is employed by or associated with the enterprise; and

      b.    State whether the same entity is both the liable "person" and the "enterprise" under § 1962(c).

14.    If the claim alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.

15.    Describe the alleged injury to business or property.

16.    Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.

17.    List the damages sustained for which each defendant is allegedly liable.